## No. 9235.

### UNION PACIFIC RAILROAD COMPANY *v.* LARSON.

1. CONTRIBUTORY NEGLIGENCE—*For the Jury,* where reasonable men of fair intelligence may draw different conclusions from the evidence. Nucci V. S. & Y. Co.—Colo.—distinguished.

2. *Last Clear Chance.* Contributory negligence of the injured party will not defeat his action if it appears that the defendant by the exercise of reasonable care might have avoided the consequence of such negligence.

The evidence examined and held to present a proper case for the application of this doctrine.

3. INSTRUCTIONS—*Refused,* but the propositions of which are contained in those given, present no error.

*Presenting only a Partial Statement of the Law,* are properly refused.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Messrs. HUGHES & DORSEY, Mr. JOHN C. DIER, Mr. ROBERT L. STERNS, for plaintiff in error.

Mr. EMORY S. IRWIN, Mr. C. A. IRWIN, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

DEFENDANT in error, Frank Larson, brought suit against the Union Pacific Railroad Company to recover damages for injuries received by him through the alleged negligence of that company. Damages were awarded in the sum of $3,300.00. Defendant assigns error and brings the cause here for review. The errors chiefly relied upon are the denial of a motion of non-suit, the giving of certain instructions, and the refusal of other instructions tendered by defendant.

The accident occurred about eight o'clock on the evening of December 25th, 1915, while plaintiff was crossing the several railway tracks of defendant on 38th, between We-watta and Blake Streets, Denver. He was struck by an engine that was being taken from the Union Station to the company round house, and sustained a fracture of the knee cap, resulting in permanent injury to the joint.

The testimony of plaintiff showed that the crossing gates were up, or open, that the red signal lights were in a position which indicated that the crossing was safe, and that no alarm bell was ringing. And further that the engine was running at an unlawful and high rate of speed. That the night was dark and cloudy; the engine was backing down toward the crossing, and the only light on the tender, which was toward the plaintiff, was a lantern set on the end thereof, and that he heard no bell ring or engine whistle. Plaintiff further testified that he was familiar with this particular crossing, that he continued to look and listen at each track as he progressed, but was unable to see or hear the approaching engine.

It is contended by defendant that the testimony conclusively shows that Larson either did not look and listen, as he claims, or that if he did he was bound to have seen the engine, and carelessly attempted to cross in front of it. That he failed to take such ordinary and reasonable precautions for his own safety as by law he was required as a reasonable and prudent man, to take, regardless of whether

the crossing gates were closed or open. *Headley v. D. & R. G. R. R.*, 60 Colo. 500, 154 Pac. 731, and *Nucci v. S. R. Ry.*, 169 Pac. (Colo.) 273, are relied upon, among other authorities, to support the motion for a non-suit on the grounds stated.

The Headly case is clearly distinguishable from the one at bar by reason of the fact that in this case plaintiff testified that even though he was led to believe the crossing was safe by the open gates and the silent alarm bell, nevertheless he continued to look and listen as he crossed the various tracks, and whether he did so was for the jury to decide. On the other hand, the undisputed evidence in the Headly case is that the deceased failed to look or listen at all, or to take any precaution whatsoever for his own safety.

In the Nucci case the alleged negligence of defendant was the failure of the engineer to ring the bell or blow the whistle when approaching the crossing where the accident occurred. The alleged contributory negligence of Nucci was his failure to observe the approaching train, when it was a physical impossibility to have avoided seeing it had he looked at all. Since there was no doubt from the evidence that had Nucci looked he must necessarily have seen the approaching train, and so avoided injury, there was no conflict in the evidence for submission to the jury. *Westerkamp v. C. B. & Q. R. Co.*, 41 Colo. 290, 92 Pac. 687.

In this case, however, the question of whether plaintiff, had he looked, must of necessity have seen the engine approaching is in sharp dispute. It does not conclusively appear, had he looked and listened as he claims he did, that he must have seen his danger in time to have avoided it. Therefore, as was said in the Headly case, supra, at page 505:

"As the standard of duty in such cases is dependent upon the particular facts and circumstances of each, the question whether contributory negligence has been proven in a given case, is usually one for the jury. Nevertheless such question, in a particular case, may become one of law and thus

come within the province of the court, so that a particular verdict may and should be directed. Where the facts are such that reasonable men of fair intelligence may draw different conclusions the question of contributory negligence must be submitted to the jury, for the finding is then of fact."

The record discloses a state of facts well calculated to produce a difference of opinion between intelligent and fair-minded men, as to whether plaintiff was reasonably prudent and careful or otherwise. The question therefore of contributory negligence was manifestly one for the jury. There is nothing in the opinion in the Nucci case which upon facts like those presented in this case would necessarily entitle defendant to a non-suit.

It is vigorously urged that the giving of instruction No. 4, relating to the doctrine of the last clear chance, was prejudicial for the reason that this case does not involve that principle. The last clear chance rule is defined and discussed in *Grand Trunk R. Co. v. Ives,* 144 U. S. 408, 36 L. Ed. 485, 12 Sup. Ct. 679, as follows:

"Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured, subject to this qualification which has grown up in recent years: That the contributory negligence of the party injured will not defeat, if it can be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence."

While it is true that the doctrine is by no means applicable in every case involving contributory negligence, and under some circumstances its introduction would manifestly be erroneous and misleading, the giving of the instruction under the facts of this case was not error. The testimony on behalf of the defendant shows the speed of the engine was not more than eight or ten miles an hour, and that it

could have been readily and easily stopped. That the employees of defendant saw plaintiff and his peril in ample time to have avoided the accident, but called or whistled to him as a warning, instead of stopping the engine. Upon these facts the doctrine of the last clear chance was plainly presented and the instruction applicable thereto was properly given. This testimony concerning the situation may have been believed by the jury, rather than other testimony to establish another theory of the case, to which the doctrine of the last clear chance would not be applicable, therefore upon the facts disclosed by the record it was the plain duty of the court to instruct upon this phase of the case, as well as upon the other theory.

The instructions given, taken as a whole, fully, fairly and correctly state the law. Those offered by defendant and refused by the court were either covered by the instructions given, or else only partially stated the law applicable to the facts of the case, and were properly refused.

As the record fails to disclose any prejudicial error the judgment should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.