**GALVESTON, H. & S. A. RY. CO. et al. v. RICH.　(No. 7946.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 22, 1920. Rehearing Granted Jan. 20, 1921.)

1. **Appeal and error ⬅1177(7)—Court on reversing for insufficiency of evidence will not render judgment, where evidence may be supplied.**

Where insufficiency of proof to warrant submission of issue to jury requires a reversal of judgment for plaintiff, but where the court is not of the opinion that the facts were developed to such an extent as to make it impossible for plaintiff to supply the missing links, the court on reversing judgment will not render judgment for defendant, but will remand the case for new trial.

On Rehearing.

2. **Appeal and error ⬅1172(1)—Court on reversing for insufficiency of evidence should affirm as to claims not supported by any evidence.**

On defendant's appeal from judgment for plaintiff, where plaintiff presented cross-assignment complaining of exclusion of claims for items of damages separate and distinct from the items on which plaintiff had recovered, the court, in reversing and remanding the judgment for insufficiency of evidence to warrant submission to jury of issue on which plaintiff had recovered, should limit reversal to that part of judgment by which plaintiff recovered damages, and should affirm judgment in so far as it denied plaintiff recovery on the excluded claims as to which there was no evidence.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Action by J. A. Rich against the Galveston, Harrisburg & San Antonio Railway Company and others. Judgment for plaintiff, and defendants appeal and plaintiff presents a cross-assignment. Reversed and remanded in part and affirmed in part.

Baker, Botts, Parker & Garwood, of Houston, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellants.
J. M. Gibson, of Houston, for appellee.

GRAVES, J. The action here was by the appellee, Rich, as plaintiff below to recover damages alleged to have resulted to him from the negligent action of five railway companies, the Iron Mountain, the Missouri Pacific, the Louisiana Western, the Texas & New Orleans, and the Galveston, Harrisburg & San Antonio, in the transportation of an interstate shipment of 15 carloads of cattle from Monroe, La., on March 4, 1916, to Rosenberg, Tex. He charged that these different carriers were partners and agents one of another, and that consequently each was responsible for the acts of the other under a through contract touching the shipment, which was issued to him by the first named, the Iron Mountain & Southern Railway Company. The items of damage sought were the value of certain cows at $35 each as follows: Thirty-one head alleged not to have been delivered at Rosenberg, 2 additional ones charged not to have been received by him, 3 claimed to have been left in the railway pens at destination and disposed of by the terminal carrier, and 8 head alleged to have died after delivery to appellee at Rosenberg from injuries received en route as a consequence of negligent handling. Interest upon

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the preceding aggregate amounts and an attorney's fee of $250 was also prayed for.

The court cut the attorney's fee out on demurrer, and, after the appellee had dismissed his cause of action as to the two first named railway companies, directed a verdict against him on all the other items, except for the value of the 31 cows. The issue as to this one claim of damage between him and the remaining three defendants was submitted in a general charge to the jury, which directed them to find whether any one or all of such defendant companies had or had not delivered the 31 head to the plaintiff at destination, and, if not, to fix the value of the cattle.

At the request of the three companies, all of whom by pleas duly verified had denied any partnership or agency touching the contract of shipment between themselves and either of the two original companies so dismissed from the cause, the court by special charge instructed the jury that under the evidence no partnership nor joint liability between them and such two dismissed companies was shown, and that they were not responsible for a shortage, if any, in the shipment which occurred while it was in the possession of either of these two original defendants.

The jury returned a verdict on other issues as directed, and found in favor of plaintiff for $1,085.00, without interest, for 31 head of cattle at $35 each. Judgment accordingly in plaintiff's favor for such amount and against him on all other claims followed. He presents here a cross-assignment complaining of the exclusion of his other claims, and the three defendant railway companies appeal generally from the judgment he did get.

We shall not discuss in detail all of the assignments presented by appellants, but only such as in our view of the case as a whole dispose of the merits of the appeal. Among a number of others, they urge the contention that the judgment is unsupported by the evidence, in that the proof wholly failed to indicate that 31 cows, or any other particular class of cattle, were missing from the shipment at destination. This position is sustained. While there was direct testimony tending to show a shortage of as many as 31 animals indiscriminately, we think there was an entire failure to show that any such shortage consisted of cows.

Appellee's theory of the case seems to have been that somewhere en route there was diverted from the train carrying his 15-car shipment an entire car containing 31, or as many as 31, head of cattle, and that all of these by the process of elimination in the proof were shown to be cows or heifers; but as we read the statement of facts the undisputed testimony demonstrates that no more than 591, or at most 599, cattle of all kinds, including yearlings and calves, were loaded at Monroe, La.; that no single-car carried either the precise number of 31 cows or of any other class of cattle, nor was there evidence of any sort indicating that an entire car containing as many as 31 head of cows was taken or diverted from the train along the way; moreover, the proof presented by the railway companies through their conductors and other servants in charge of the train from the point of origin to that of destination, after a correction of a mistake in the number of one car, accounted for the arrival at Rosenberg of the identical 15 cars into which these cattle were put at Monroe, La., with the exception that at Alexandria, La., in consequence of there being then two dead cows in it, the remaining cattle in car S. W. S. X. 11446 were transferred to car S. A. A. P. 1396, which latter car thereafter took the place of the former one.

These conclusions of fact are drawn from the entire body of the testimony, to here recite the details of which it is thought would serve no useful purpose. Under them neither could the judgment entered against appellants be permitted to stand, nor, as they further insist, could one acquitting them of liability have been properly rendered. This last-stated deduction proceeds from our inability, as above indicated, to agree with appellants that there was no evidence sufficient in probative force to raise a legal issue as to whether or not there was a general shortage of as many as 31 head of cattle in the shipment.

With all the evidence showing that at least 591 head were put into the train at Monroe, Marshall Rich, who made the only count for appellee of those actually delivered at Rosenberg, positively testified that only 549 head of all sorts were turned over to him, and this figure, after all others taken from the shipment as originally constituted anywhere along the journey had been accounted for, still left a possible shortage in animals of more than 31 head. It therefore will not do to say there was no evidence in support of a claim of that character, although, as is also elsewhere stated, the proof did not go far enough to indicate what kind of cattle may have been missing.

[1] The insufficiency of the proof in the respect pointed out requires a reversal, but not a rendition, since we are unable to agree with appellants that the facts were developed at this trial to such extent as to make it impossible for the appellee upon another to supply the missing links.

In view of a reversal, while it is not deemed advisable to make further comment upon the general state of the evidence, it is proper to say that we do not think the court erred in withdrawing from the jury the items of damage complained of in the appellee's cross-assignment; the foundation of these claims was the negligence of the railway companies

in their manner of treating and handling the cattle, and his brief points to no evidence upon which a recovery thereon could have rested.

Due to an impression at the time that the denial of partnership or agency by appellants, and the consequent special and limited instruction of the court as to the nonliability of any one of them for the acts of other defendants, hereinbefore referred to, extended to the different appellants as between themselves also, instead of being limited to the two original defendants who were dismissed from this cause, we inadvertently entered an order directing the reversal of the cause in part and its rendition in part. Since it appears upon an inspection of the record, however, that the three appellants made no denial as among themselves of the appellee's general averments in the manner above outlined as to partnership and agency, that order will be rescinded, and the cause will be reversed and remanded as to all of the appellants.

Reversed and remanded.

### On Motion for Rehearing.

[2] In the motion of appellants for rehearing our attention is directed to the fact that, while formerly holding the trial court to have been without error in withdrawing from the jury's consideration the two items of damage complained of in the appellee's cross-assignment, that is, $105 as the value of 3 cows left in the pens at Rosenberg, and $280 as the value of 8 cows alleged to have died after delivery to appellee at that point, we yet reversed the judgment appealed from in its entirety. This should not have been done. The cause of action touching these two items was separate and distinct from that claiming a shortage of 31 head of cattle, and since it was held that no evidence was cited as a basis for any recovery thereon, the trial court's judgment eliminating them should have been affirmed. Our original judgment will now be so reformed as to direct that to be done.

In other respects, being unconvinced of error, the motion is overruled.

Appellants' motion for rehearing granted in part; refused in part.