No. 10,023.

WOODWARD *v.* MCGRAW.

Decided April 3, 1922. Rehearing denied May 1, 1922.

Action for damages resulting from an automobile accident. Judgment for defendant.

*Affirmed.*

1. LAST CLEAR CHANCE—*Instruction.* In an action for damages occasioned by an automobile accident, no contributory negligence being shown and the evidence failing to disclose any negligence on the part of the defendant after he saw the danger into which plaintiff had thrust herself, a requested instruction on last clear chance, was properly refused.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, Mr. FRANCIS G. RICHE, Mr. EDWARD C. STIMSON, for plaintiff in error.

Mr. W. D. WRIGHT, Mr. W. D. WRIGHT, JR., for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error, Jessie Woodward, brought suit against defendant in error for damages for negligently hitting her with his automobile. The verdict was for defendant. The only error relied on is the refusal of the court to give an instruction on last clear chance.

We think the refusal was right. The evidence does not call for such an instruction.

The evidence for plaintiff is that she was walking west-

erly across Fourteenth street on the southerly side of Glenarm street, when the defendant, coming northerly on Fourteenth street, though there was plenty of room to go behind her, swerved to the left out of his direct course, and, though she raised her hand in warning, struck her and her companion, near the middle of Fourteenth street. There is no room here for the doctrine of last clear chance because there was no contributory negligence.

The evidence for defendant is that he saw the plaintiff and her companion leave the curb, slowed his car and intended to go behind them; that when he was very near they turned back toward the curb, that thereupon he put on his brake and swerved to the left when they again turned to the west and in front of him and that he stopped just as he reached them. There is nothing here to justify the instruction, because this evidence shows no negligence on defendant's part after he saw the danger into which plaintiff had thrust herself; on the contrary the undisputed evidence is that as soon as he saw her peril or could have seen it he turned and put on the brake, and nothing more is suggested that he might have done to avoid the accident.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE not participating.