## No. 10,449.

## HUNSAVAGE *v.* ROCEK.

Decided November 5, 1923.

Action for damages occasioned by an automobile collision. Judgment for plaintiff.

### *Affirmed.*

1. AUTOMOBILES—*Highway and Railroad Crossings—Rules.* The case of an automobile approaching a railroad crossing furnishes little analogy to that of one approaching a highway crossing. The rules which govern them are not the same.

2. PERSONAL INJURIES—*Damages.* Evidence concerning personal injuries resulting from an automobile collision, reviewed, and held to afford a basis for damages.

3. DAMAGES—*Excessive Verdict.* Although under the evidence in a personal injury case, the damages awarded may appear extravagant, the appellate court will not substitute its judgment for that of the trial court and jury, where it was not certain what damage was suffered.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

ROCEK had a verdict and judgment against Hunsavage for $1500 damages for negligence in causing an automobile collision. The collision occurred at the intersection of two roads. Plaintiff was driving west and defendant north. The complaint states that defendant was on the left side of the road going at a dangerous and high rate of speed without giving warning.

The grounds on which reversal is sought are three:

(1) The plaintiff's evidence shows contributory negligence. (2) Proof of damage is insufficient. (3) Damages are excessive.

We cannot say, as a matter of law, that the evidence shows contributory negligence. Plaintiff in error cites *Westerkamp v. C., B. & Q. Ry. Co.*, 41 Colo. 290, 92 Pac. 687, which involved a railroad crossing. But the case of an automobile approaching a railroad crossing furnishes little analogy to that of one approaching a highway crossing, and the rules which govern them are not the same.

As to proof of damages: The evidence was of about $48.00 damages to the plaintiff's machine and doctor's bill about $67; that his thumb was scratched and blood poisoning developed, and that his left leg was hurt and was put in a cast for three weeks, that he was a farmer and lost about two months' time, and that he suffered pain and sickness. Here was a basis for damages.

The serious question is whether the damages, $1500 are excessive. Under the evidence they certainly appear extravagant. The court withdrew the question of exemplary damages, no evidence was offered of extraordinary pain, nor of the duration of what there was; the plaintiff was never confined to his bed, was able to walk at all times; he visited the defendant with his attorney ten days after the accident, and no permanent disability was shown. However, we do not see how we can substitute our judgment for that of a jury supported by the trial court, where, as here, it is not certain what damage was suffered.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.