No. 11,003.

SAINT MARY'S ACADEMY OF THE SISTERS OF LORETTO OF THE CITY OF DENVER, ET AL. v. SOLOMON.

Decided June 1, 1925. Rehearing denied July 6, 1925.

Action for damages growing out of an automobile collision. Judgment for plaintiff.

*Affirmed.*

1. CHARITIES—*Trust Fund—Tort.* A charitable trust fund may not be depleted by the tort of a trustee.

2. *Trustee—Tort.* The trustee of a charitable trust fund may be liable for a tort for which the trust fund may not be depleted.

3. *Judgment.* Judgment against a charitable institution for a tort held valid in so far as it may be collected from its property which is not held in trust.

4. APPEAL AND ERROR—*Fact Findings.* Fact findings by a jury supported by legal competent evidence will not be overruled on review.

5. CHARITIES—*Trust—Incompetent Servant.* The contention that charitable institutions are only liable in tort actions, for selecting incompetent servants, held unsound.

6. *Words and Phrases—Schools—Tuition.* A charitable trust is defined as one having no capital and no provision for making dividends or profits, deriving its funds mainly from public and private charity and holding them in trust for the object of the institution. The fact that a school corporation coming within this definition charges tuition, does not change its charitable character.

7. AUTOMOBILES—*Negligence—Guest.* In an action growing out of an automobile collision, negligence of the owner of the machine, over whom a guest has no control, is not imputable to the latter.

8. *Guest—Negligence.* A guest in an automobile, over which he has no control, is not charged with any duty to keep a lookout.

9. VERDICT—*Excessive.* A verdict of $6,000 in a personal injury case growing out of an automobile accident, held not excessive under the facts disclosed by the evidence.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN T. BOTTOM, for plaintiffs in error.

Mr. H. A. CALVERT, Mr. J. W. KELLEY, Mr. JACOB J. LIE-BERMAN, Mr. CHARLES ROSENBAUM, for defendant in error.

*Department Three.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error was a passenger guest in the automobile driven by Mrs. Newhagen, mentioned in our opinion in *St. Mary's Academy v. Newhagen,* q. v., which was

argued with this case. We there held that Mrs. New-hagen was guilty of contributory negligence which was imputed to her husband, and we reversed the case accordingly.

In the present case the plaintiff below had judgment for $6,000 for expenses and loss of society caused by injury to his wife, who, with him, was a guest in the Newhagens' car.

First. The claim is made that defendant corporations are not liable for torts because they are charitable institutions.

The question is a new one in this court. The conclusions in the decisions in England, Canada and America are many and hopelessly different; the arguments by which they are reached are more so, and are confused by resort to the analogy of the liability or nonliability of governments and governmental agencies. On the one extreme it is held that a charitable institution is not liable for torts at all and on the other that it is liable for torts like any other person. Between we find it held that it is liable to strangers, third persons they are usually called, but not to its own beneficiaries; also that it is liable to its employees but not to its own beneficiaries; again, that it is liable only for negligently selecting incompetent servants, but not for the tort of a servant selected without negligence. Some base their judgment on a denial of the application of the rule of respondeat superior, and those which hold the charity liable only to persons other than its beneficiaries seem to base their decision on implied consent of one receiving a charity that the giver shall not be liable for negligence. Each party has attempted to persuade us that its side represents the trend of modern decision, but we do not find that to be true; on the contrary, there are two parallel lines of cases, reaching back three quarters of a century or so, and coming down to the present time, sometimes varying in the same jurisdiction, according to the judgment, bias, or prejudice of the court having the matter in hand or the judge writing the opinion.

The leading English case solding the exemption is *Heriot's Hospital v. Ross,* 12 C. & F. 507, followed in *Fordyce v. Woman's Library,* 79 Ark. 550, 96 S. W. 155, 7 L. R. A. (N. S.) 485; *Johnston v. Chicago,* 258 Ill. 494, 101 N. E. 960, 45 L. R. A. (N. S.) 1167, Ann. Cas. 1914B, 339; *Parks v. N. W. University,* 218 Ill. 381, 75 N. E. 991, 2 L. R. A. (N. S.) 556, 4 Ann. Cas. 103; *Jensen v. Maine Eye & Ear Infirmary,* 107 Me. 408, 78 Atl. 898, 33 L. R. A. (N. S.) 141; *Perry v. House of Refuge,* 63 Md. 20, 52 Am. Rep. 495; *Whittaker v. St. Luke's Hospital,* 137 Mo. App. 116, 117 S. W. 1189; *Adams v. University Hospital,* 122 Mo. App. 675, 99 S. W. 453; *Gable v. Sisters of St. Francis,* 227 Pa. 254, 75 Atl. 1087, 136 Am. St. Rep. 879; *Fire Ins. Patrol v. Boyd,* 120 Pa. 624, 15 Atl. 553, 6 Am. St. Rep. 745, 1 L. R. A. 417; *Vermillion v. Woman's College,* 104 S. C. 197, 88 S. E. 649; *Lindler v. Columbia Hospital,* 98 S. C. 25, 27, 81 S. E. 512; *Abston v. Waldon Academy,* 118 Tenn. 24, 102 S. W. 351, 11 L. R. A. (N. S.) 1179. Massachusetts, which formerly, it was claimed, qualified this view, has gone over to it. *Foley v. Wesson Memorial Hospital,* 246 Mass. 363, 141 N. E. 113, and cases there cited. Rhode Island has done the same by statute.

These cases and others hold that there is no liability for tort, principally on the ground that it works a misapplication of the trust fund. With this proposition we agree. The principal argument against it is that it permits the creator of the trust to nullify or evade the law and makes the right of the beneficiaries of the charity superior to the rights of innocent sufferers from the negligence of the trustee. Though apparently strong this argument is inherently weak. It begs the question. The question is: What is the law? What are the rights of the sufferers? But this argument assumes the law to be that the sufferer has the right to recover for the tort of a charitable institution. If he has, the creator of the trust cannot nullify it or evade the law; if he has not, then it is the law and not the creator of the trust that deprives him thereof. The fundamental question is one of expedi-

ency or of public policy—Whether the preservation of charitable trust funds is more desirable than a right to compensation *from such funds* for an injury. We think it is. Few things are more desirable or more beneficial to the public than charitable foundations, and certainly the right of some one to recover damages from a particular source is not one.

Again, if we say that a judgment in tort may be permitted against a trustee and enforced against the charitable trust fund, we cannot deny that he might pay the damages out of that fund without judgment, which would put trust funds in a somewhat precarious position.

In *Downes v. Hospital,* 101 Mich. 555, 60 N. W. 42, 25 L. R. A. 602, 45 Am. St. Rep. 427, a case of injury to a patient, the supreme court of Michigan held the hospital not liable, and, as one of the grounds of the decision, said that the trust fund could not be depleted; but in *Bruce v. Central M. E. Church,* 147 Mich. 230, 110 N. W. 951, 10 L. R. A. (N. S.) 74, 11 Ann. Cas. 150, it was held that a charitable institution was liable to a stranger, distinguishing *Downes v. Hospital, supra,* and claiming not to overrule its reasoning, but we think it really does so. In *Hewett v. Womans Hospital Aid Ass'n.,* 73 N. H. 556, 64 Atl. 190, 7 L. R. A. (N. S.) 496, 6 Ann. Cas. 413, a corporation was held liable for negligent injury to nurse, employee, on the ground that it was presumed that the creator of the trust fund knew that it might be required to pay damages for torts. This again is begging the question; of course that was true if the law required the trustee to pay damages for torts— if not, not.

It is claimed that the English case above cited has been overruled in that country by *Mersey Docks Trustees v. Gibbs,* 11 House of Lords, 686, 11 Reprint Law Reports, 1500. The latter case, however, does not involve the question of a charitable trust, but of a public board and we think does not overrule *Heriot's Hospital v. Ross,* but questions the universality of the rule there laid down by Lord

Cottenham, and declares the proposition that the liability of an administrator of a public trust depends on the terms of the act establishing it, and the inferences to be drawn therefrom. See pp. 720 and 721. See also *Fordyce v. Womans Library, supra,* pp. 558, 559.

In the case last cited the defendant association had permitted a judgment for injury by its negligence to go against it, its real property had been levied on and sold and had passed into other hands. The case was an action by the association to recover this property, and a judgment in its favor was sustained. This seems to us to be the correct conclusion from the premise that a trust fund may not be depleted by the negligence of the trustee. Some of the confusion of reasoning arises out of the assertion of the proposition that the trustee could not be liable for his negligence, which is a different matter. We hold that a charitable trust fund may not be depleted by the tort of the trustee but it does not logically follow that no judgment can be rendered against him. He may be liable and yet the trust fund not. In the case of a corporation trustee such as Heriot's Hospital in the English case, *supra,* which seems to have no powers except to administer the trust fund, it is right to say that no judgment can be rendered against it for negligence. Does it appear that the defendant corporations have only such powers? We find no evidence that their powers are so limited. Their charters are not in evidence. If they were and it appeared that the corporations had no powers but as charitable trustees we should reverse the judgment. The presumption is that they have power to hold other property. If they have there is no more reason to say they are not liable for torts than to say that a natural person is not because he has no property not exempt from execution. We think that the judgment against these corporations is valid, but that no property which they hold in charitable trust can be taken under execution upon it, and if, and while they hold no property but in such trust, this judgment cannot be collected of them. We are at

liberty to hold this way, because there is no decision which is controlling, and we must so hold because we think the true reasoning to be gathered from all the cases compels it. See *Fordyce v. Woman's Library*, 79 Ark, 558, 559, and *Mersey Docks Trustees v. Gibbs, supra.*

Second. Some of the defendants claim that Haeffner, the negligent chauffeur, was not in their employ and that the car did not belong to them. There is no question, however, as to the Loretta Literary and Benevolent Institution of Colorado, and as to the other two corporations the evidence is such that we cannot overrule the jury.

Third. It is claimed that such corporations are liable only for selecting incompetent servants; but, if the ground for their exemption is that the trust fund may not be depleted, this distinction is unsound. As said by the supreme court of Arkansas, it is an "illogical compromise between two irreconcilable principles," i. e., between liability and exemption.

Fourth. It is said that the corporations are not charitable. The statute of 43 Elizabeth, c. 4, which is the law of this state, includes schools of learning under the head of "charitable." The fact that a school charges tuition does not make it otherwise. *Parks v. N. W. University, supra,* 381, 383. The point that sufficient facts do not appear to show their charitable character we think not well taken. In *Jensen v. Maine Eye & Ear Infirmary, supra,* a charitable trust is defined as one having "no capital and no provision for making dividends or profits, deriving its funds mainly from public and private charity and holding them in trust for the object of the institution." These corporation defendants come within this definition.

Fifth. It is claimed that the negligence of Mrs. Newhagen was imputable to Mrs. Solomon, the guest. We think not. She had no control over Mrs. Newhagen. *Colorado Springs Co. v. Cohun,* 66 Colo. 149, 180 Pac. 307.

Sixth. It is claimed that Mrs. Solomon herself was negligent. We cannot see anything in the record to show

this. She had no control over the car. It was not a part of her duty to keep a lookout, and if her duty required her to call the attention of the driver to anything she saw she did so.

Seventh. It is claimed that the verdict of $6,000 was so excessive as to subject the case to reversal. In reading the evidence from the abstract it is hard to justify that sum, but it is shown that the wife of the plaintiff was very seriously hurt, that several ribs were broken, that she had a cut on her head and in her hand; was under doctor's treatment for two months, was more or less disabled for some time afterwards, and that her complete recovery was not certain, while the expenses in and about curing her were nearly $1,800. We cannot say that the jury was unquestionably wrong in this respect.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.