No. 11,467.

CAMPION *v.* EAKLE.

Decided March 29, 1926. Rehearing denied May 24, 1926.

Action for damages for personal injuries resulting from an automobile collision. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. AUTOMOBILES—*Right of Way—Reasonable Care.* Although one driving an automobile may have the right of way at a street intersection, he is not absolved from the duty of exercising reasonable care.

2.    *Collision—Negligence—Instructions*. In an action for damages growing out of an automobile collision, a requested instruction that plaintiff, who was a guest in one of the machines, could not recover if the driver of the car in which he was riding was guilty of negligence, held properly refused.

3.    *Collision—Negligence—Instructions*. In an action for damages growing out of an automobile collision, the giving of an instruction ''that the plaintiff, being a guest in the automobile, was under no duty to keep a lookout for impending dangers,'' held not error.

4.    *Negligence—Railroad Crossing—Street Intersection*. A different rule applies where a vehicle approaches a railroad crossing from that where automobiles are crossing a street intersection.

5.    *Driver—Guest—Negligence*. Control over, and responsibility for the management of an automobile while being driven, must rest upon the driver and not upon a guest; although in case of an accident a guest may be guilty of contributory negligence independently of the acts of the driver.

6.    INSTRUCTIONS—*Automobile Collision*. The contention that instructions given in an automobile collision case were contradictory, overruled.

7.    LAST CLEAR CHANCE—*Contributory Negligence*. There is no place for an instruction on the last clear chance rule, where there is no contributory negligence on the part of the plaintiff.

8.    APPEAL AND ERROR—*Negligence—Contributory—Instructions*. In an action for damages growing out of an automobile collision, it is held that while under the facts the question of plaintiff's contributory negligence need not have been submitted to the jury, there was no error in giving an instruction on that subject.

9.    VERDICT—*Excessive*. While a verdict may appear excessive to the appellate court, if it does not indicate bias or prejudice on the part of the jury, it will not be disturbed.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. D. L. WEBB, Mr. H. BERMAN, Mr. JAMES H. TELLER, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error, plaintiff below and so referred to here, brought this suit against plaintiff in error, defendant below and so designated here, to recover damages for personal injuries sustained by him in an automobile collision. Verdict and judgment for plaintiff, and defendant brings the case here and applies for supersedeas.

On November 23, 1923, about 7 o'clock a. m., a Buick sedan car owned by defendant and being driven by Davis, his chauffeur, at the intersection of 38th and Wewatta streets, in the City of Denver, collided with a Chevrolet car, owned and driven by one Webb, with whom the plaintiff, Eakle, was riding as a guest seated upon the front seat beside the driver. The Buick car was traveling in a westerly direction along the north side of Wewatta street, and the Chevrolet car in a northly direction along the east side of 38th street. At the intersection in question, and at that hour in the morning, traffic was heavy and more or less congested. Plaintiff was familiar with that crossing having frequently passed over it in going to and from his work.

As a result of the collision the Chevrolet car was turned around and forced into a ditch, the rear portion of the car being badly damaged. Plaintiff was thrown through the windshield or to the right of it through the front door, striking on his head, rendering him unconscious in which condition he was removed to a hospital.

The defendant claims that Webb, the driver on the left, was guilty of negligence in not yielding the right-of-way to the driver on the right, and that his negligence was the cause of the collision. Defendant further claims that plaintiff was himself guilty of contributory negligence which was the proximate cause of the injuries sustained by him. Defendant's position is that "plaintiff shared in Webb's negligence and the same facts which show the negligence of the driver, show also the negli-

gence of the plaintiff''; also that the guest was required to use the same care and caution that would have been required of him if he had been the driver.

Plaintiff's evidence was to the effect that he could remember nothing about the collision except the noise; that the last thing he remembered was seeing the gates go up or down on the 38th street crossing; that he thought a freight train hit them, and the way he figured it out was that his mind was occupied; that he was not paying any attention while he was riding along there; that Webb was driving the car and he was not. The evidence of Webb on this point was, "As I started across the intersection I got to the middle when I heard Mr. Eakle holler 'look at him come,' and at that instant, almost, I was just passing the center when I was struck by the car."

As to the negligence of the defendant: There was evidence tending to show that defendant's car was being driven at a rate of speed of about forty miles an hour, as it approached and entered the street intersection, which was greatly in excess of the rate of speed permitted by the city ordinance; and while the evidence upon this point was conflicting there was ample to support the verdict.

We have held that although one had the right-of-way, he was not absolved from the duty to exercise reasonable care. *Golden Eagle Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850; *St. Mary's Academy v. Newhagen,* 77 Colo. 471, 238 Pac. 21, 22. There is no evidence, disclosed by the record, which shows or tends to show contributory negligence on the part of the plaintiff, unless it is shown by the evidence, of the plaintiff and Webb, above recited.

Defendant claims that because of the foregoing evidence, the court erred in denying his motions for nonsuit and for a directed verdict, and also claims that the court erred in refusing to give to the jury his requested instruction No. 1, and in giving to the jury instructions Nos. 5 and 8.

The requested instruction was properly refused. This request was to the effect that it is the duty of the driver approaching the intersection from the left, to use reasonable care to see whether there is likelihood of a collision with any car approaching from the right, and to yield to the car coming from the right the right of way and to keep his car under control so that he can so yield it; and the driver approaching from the right is not negligent by reason of a collision occurring because of the negligence of the driver on the left in not yielding the right of way. The question of the negligence of the driver Webb was not involved. This instruction, if given, would have told the jury that, however negligent defendant might have been, and however free from negligence the plaintiff might have been, the plaintiff could not recover if the driver of the car, in which plaintiff was riding, was guilty of negligence in not yielding the right of way to the driver of the car on the right which caused the collision. If the driver's negligence cannot be imputed to the guest, and that is conceded, then the instruction requested should not have been given.

Instruction No. 5 given, charged the jury, ''That the plaintiff, being a guest in the automobile, was under no duty to keep a lookout for impending dangers,'' and further instructed the jury that the driver's negligence, if any, could not be imputed to the plaintiff. Defendant's objection is to the quoted part of the instruction; he makes no objection to the latter part.

Instruction No. 8 given, instructed the jury in effect that notwithstanding the driver of the defendant's car had the right of way, nevertheless if the jury found from the evidence that he was driving at an unlawful and dangerous rate of speed and if he saw, or in the exercise of due care could have seen, the perilous position of the plaintiff in time to have slowed down and prevented the accident and failed to use due and ordinary care to avoid the collision, the defendant would be liable provided the

injuries received by the plaintiff were the direct result of such negligence.

By instruction No. 9 the jury were told that Eakle, while in the automobile was the guest of another when the other was driving, was charged with certain duties to care for his own safety, and were such as are imposed upon an ordinarily careful and prudent person under the circumstances; that Eakle could not, because another was driving, escape all obligation and care for his own safety; and that if the jury found that Eakle failed to exercise the care and caution that an ordinary careful and prudent person would have exercised under the circumstances, then he was guilty of contributory negligence and could not recover even if defendant was guilty of the negligence charged.

There was no error in giving instruction No. 5. *St. Mary's Academy v. Solomon*, 77 Colo. 463, 238 Pac. 22, 24. In that case, Mr. Justice Denison, referring to the plaintiff who was a guest in the car of Mrs. Newhagen, said: "She had no control over the car. It was not a part of her duty to keep a lookout, and if her duty required her to call the attention of the driver to anything she saw she did so."

Defendant contends that the statement just quoted from the opinion, means no more than that plaintiff was not required to "keep a lookout," i. e., a constant watch for possible danger; that it does not mean to say that the guest need not look where danger is to be apprehended; that if more was intended, that is, that if the court meant to hold that the guest need not look out for danger at all, or more than that the guest was not called upon to keep a constant lookout for possible danger, then the decision is in conflict with and overrules, without mention of it, *C. & S. Railway Co. v. Thomas*, 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700, and other cases holding in harmony therewith.

Furthermore, that instruction No. 5 is equivalent to a directed verdict in favor of plaintiff on the question of

plaintiff's contributory negligence, whereas the court should have determined as a matter of law, that plaintiff was guilty of contributory negligence, or at least that it should have been submitted to the jury; also that instruction No. 5 and instruction No. 9 are contradictory and require a reversal of the case.

Defendant's brief is commendable for its brevity and clearness, but we do not agree with his conclusions. A different rule applies where a vehicle approaches a railroad crossing from that where automobiles are crossing a street intersection. *Hunsavage v. Rocek,* 74 Colo. 163, 219 Pac. 1080.

The rule announced in *C. & S. Ry. Co. v. Thomas, supra,* does not apply to the instant case. The doctrine announced in the several cases cited as to the care required of drivers of automobiles has no application to a guest in an automobile in the circumstances appearing here.

It is true, of course, that while the negligence of a driver of an automobile cannot be imputed to the guest, the guest, notwithstanding, may be guilty of contributory negligence, independently of the acts of the driver, but the rule announced in this jurisdiction, and here adhered to, is that authority and control over, and responsibility for the management of, an automobile while being driven must rest upon the driver and not upon the guest. *St. Mary's Academy v. Solomon, supra; Hedges v. Mitchell,* 69 Colo. 285, 289, 194 Pac. 620.

In the latter case, Mr. Justice Burke said: "But a duty to give such advice (advice to the driver as to his route, travel, speed, etc.) implies a duty to heed it and the rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The place for a passenger who knows better than the driver of a car, when, where and how it should be operated, is at the wheel."

If one, riding as a guest in the car of another, were required to look out for danger and warn the driver, a

most uncomfortable and harassing position would be created for the driver of a car who happened to have four or five passengers as guests; and it might well be that if an accident happened it could be charged to the negligence of the guests in distracting the attention of the driver as he approached or crossed every street intersection.

The question did not arise in the Solomon case, supra, nor does it arise here, what rule would be declared if the guest had looked and had observed danger and had not called it to the attention of the driver.

What we hold is, that the plaintiff was not required, in the circumstances of this case, to keep a lookout at any time for danger. We think the facts bring the instant case squarely within the rule laid down in the Solomon case, supra, and that the latter case does not conflict with the doctrine announced in the Thomas case, supra. In the case at bar, the plaintiff says he recollects nothing of what occurred; that he does not recollect seeing any car or observing any danger. Webb says plaintiff called out "See him come." Plaintiff was not required to look for danger, but if he did look, and if he saw the danger he called it to the attention of the driver. He was not, therefore, guilty of contributory negligence, and the court might have so declared as a matter of law. From the views already expressed it follows that instructions 5 and 9 are not contradictory and the court did not err in giving them.

We do not think that instruction No. 8 is an instruction on the "Last Clear Chance" Rule. There being no contributory negligence on the part of the plaintiff, there is no place here for such an instruction. *U. P. Ry. Co. v. Larson,* 66 Colo. 15, 18, 178 Pac. 573; *C. & S. Ry. Co. v. Western Light & Power Co.,* 73 Colo. 107, 108, 127, 214 Pac. 30; *Woodward v. McGraw,* 71 Colo. 287, 206 Pac. 386.

We do not think the giving of this instruction constitutes error. While the question of plaintiff's contribu-

tory negligence need not have been submitted to the jury, it was submitted by instruction No. 9.

As to the question of damages: We are somewhat inclined to think that the damages awarded were in excess of such sum as would fairly compensate plaintiff for the injuries sustained, and for his outlay for medical attention, hospital fees and charges. We cannot say, however, that they are so excessive as to indicate bias or prejudice on the part of the jury, and we cannot disturb the verdict. Our duty and the extent of our authority in this respect are fully discussed and settled in the case of *Kohut v. Boguslavsky*, 78 Colo. 95, 239 Pac. 876, 877.

The supersedeas should be denied and the judgment affirmed.