## SCHUHMACHER CO. v. SHOOTER.

### No. 10183.

Court of Civil Appeals of Texas. Galveston.
April 24, 1936.

Rehearing Denied May 14, 1936.

King, Wood & Morrow and H. Earl Cox, all of Houston, for appellant.

William F. Jackson, of Hempstead, and Hart, Patterson & Hart and Benton Coopwood, all of Austin, for appellee.

LANE, Justice.

This suit was instituted by Mrs. Mary R. Shooter, a widow, against the Schuhmacher Company, a corporation, in the district court of Waller county, Tex., for the recovery of damages because of personal injuries sustained by her and because of the death of her two daughters, Anabel Shooter and Beatrice Shooter, alleged to have resulted from the negligence of the Schuhmacher Company and its agent in the operation of an automobile truck on the public highway in Waller county, Tex., the plaintiff below alleging that she and her deceased daughter Beatrice Shooter were riding as passengers in an automobile belonging to and then being operated by her deceased daughter Anabel Shooter, in an easterly direction on state highway No. 20 in Waller county, when the automobile mentioned was struck by the truck of the Schuhmacher Company, then being operated by its agent in a westerly direction on such highway, the plaintiff below alleging that the driver of such truck was guilty of negligence in the operation thereof in various particulars, and that such negligence was a proximate cause of the collision and of the injuries sustained by her and of the death of her two daughters. The plaintiff below sought to recover $20,000 because of the personal injuries sustained by her, the sum of $14,000 because of the loss of the contributions that would have been made to her by her daughter Anabel Shooter, the sum of $7,200 because of the loss of the services of her daughter Beatrice Shooter, and the sum of $300 expended by her for medical treatment, aggregating the sum of $41,500.

Though there was an obvious misjoinder of causes of action, no plea of misjoinder was filed or urged by the defendant below.

The defendant below, answered by general denial, by a plea of contributory negligence on the part of the plaintiff, Mrs. Mary R. Shooter, by a plea of contributory negligence on the part of the deceased Anabel Shooter, and by a plea of contributory negligence on the part of the deceased Beatrice Shooter, by a plea of joint enterprise upon the part of the plaintiff and her deceased daughters, and by a plea of unavoidable accident.

The cause was tried before a jury, to which the court submitted a number of special issues, in answer to which the jury found that the defendant's truck was being operated at a speed in excess of 25 miles per hour immediately prior to the collision; that such speed was a proximate cause of the collision; that the defendant's truck was being operated on the lefthand, or south side, of the center of the highway immediately prior to the collision; that this was a proximate cause of the collision; that the driver of the truck was operating it at a time when his left foot was resting upon the left step or running board of the truck, and that this was negligence and a proximate cause of the collision; that Mrs. Mary R. Shooter, the plaintiff, was entitled to $2,000 because of her personal injuries; that she was entitled to $3,600 because of the death of her daughter Anabel Shooter, and that she was entitled to $2,400 because of the death of her daughter Beatrice Shooter; that Anabel Shooter, the driver of the automobile, was not operating her automobile at a speed in excess of 45 miles an hour just prior to the collision, nor was she operating the same at a speed greater than a reasonably prudent person would have operated same under the same or similar circumstances, just prior to the collision; that Anabel Shooter did not drive her automobile on her left-hand side of the highway at the time of the collision.

Upon the verdict of the jury and the evidence, the court tendered judgment for the plaintiff against the corporation for the sum of $8,000, together with interest and cost of suit.

From such judgment the corporation has appealed and presents 80 assignments of error.

By its first proposition, appellant contends for a reversal of the judgment upon the following grounds: "The suit out of which this appeal grows having been instituted by Mrs. Mary R. Shooter in part to recover damages because of the death of her daughter, Beatrice Shooter, and it being developed by the evidence upon the trial that Mary R. Shooter was not the only beneficiary of the deceased Beatrice Shooter under the Death Statute of the State of Texas but that Beatrice Shooter had left a

minor child who was not a party to the suit and for whose benefit the suit was in no manner brought, it became manifest as a matter of record that a necessary and indispensable party in the person of such minor child was missing from the action and no judgment could be entered therein disposing of the interests of all necessary parties, and hence the trial court erred in refusing to set aside the judgment rendered in the cause and grant a new trial so that the interests of all necessary parties could be disposed of."

We overrule appellant's contention. Plaintiff, Mrs. Mary Shooter, by the allegations of her petition sought to recover damages for several separate items: (1) For her own personal injuries; (2) for the loss of contributions from her daughter Anabel; and (3) for the loss of contributions from her daughter Beatrice. Separate sums were alleged and prayed for with reference to each item of damage. The issues relative to the elements and amounts of damages were presented to the jury in separate and distinct issues. The jury answered the issues separately, finding $2,000 for the plaintiff's personal injuries, $3,600 for the loss of Anabel Shooter's contributions, and $2,400 for the death of Beatrice Shooter, who was proved during the trial to have left a minor child.

The several separate amounts of damages alleged by the plaintiff having been separately alleged and the same having been submitted to the jury in separate issues, and the child of Beatrice having a cause of action only because of the death of its mother, the failure to join the child as a party plaintiff, or otherwise, constitutes a cause for reversal only of that part of the judgment decreeing a recovery for the death of Beatrice Shooter.

It is conceded by appellee that the judgment of the trial court, in so far as it allowed the plaintiff a recovery for damages resulting from the death of her daughter Beatrice, should be reversed and remanded. In other words, the judgment to the extent of $2,400, and the cause in so far as it affects the plaintiff's efforts to recover for the death of Beatrice Shooter, should be reversed and remanded so that the child may be joined with the plaintiff herein as a party plaintiff and as all the survivors who have a legal right to sue because of the death of Beatrice Shooter. But plaintiff says, however, that the child of Beatrice has no interest whatever in the damages arising from

the death of its aunt, Anabel Shooter, nor in the damages suffered by her grandmother, Mrs. Mary Shooter, as the result of the collision in question.

It being conceded by appellee that so much of the judgment as awarded to her $2,400 damages for the death of her daughter Beatrice, mother of the child, should be reversed and remanded, such order will be made by this court.

■ It is well settled that an appellate court may in its discretion reverse a judgment in part and affirm other parts thereof, where the issues are several. Gutheridge v. Gutheridge (Tex.Civ.App.) 161 S.W. 892, at page 896; Johnson v. Conger (Tex.Civ. App.) 166 S.W. 405, at page 407, column 2 [7]; Wichita Falls Comp. Co. v. Moody & Co. (Tex.Civ.App.) 154 S.W. 1032, 1054; Galveston, H. & S. A. Ry. Co. v. Rich (Tex. Civ.App.) 228 S.W. 631; Houston E. & W. Texas Ry. Co. v. Jones (Tex.Civ.App.) 1 S.W.(2d) 743.

"Rule 62a for Courts of Civil Appeals (149 S.W. x) provides that if it should appear to this court that the error committed by the trial court affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected." Gutheridge v. Gutheridge, supra.

■ Appellant requested the court to submit to the jury the following: "Do you find from a preponderance of the evidence that Mrs. Mary Shooter failed to keep a reasonable lookout for automobiles and trucks on the highway ahead of her just prior to and at the time of the collision?"

The court refused such request, and appellant assigns such refusal as reversible error, in that there was raised by the evidence an issue of fact as to whether Mary R. Shooter was guilty of negligence contributing to her injuries.

We overrule appellant's contention. There was, we think, no evidence raising the issue suggested by appellant.

The evidence shows that at the time of the collision Mrs. Shooter was 63 years of age, and that she was on her way to Galveston; that she and her two daughters were traveling in an automobile driven by her daughter Anabel Shooter; that she and her daughter Beatrice, as they traveled, frequently looked at the country and other things which attracted their attention along the highway; that Anabel, the driver

of the car, told her and Beatrice not to talk to her as she was driving; that Anabel had been driving automobiles for 5 years; that she (Mrs. Shooter), was looking ahead just as the truck appeared in their path and very near them, and she said to the driver of their car, "What is that?" but, before the driver of their car could bring it to a stop, the collision occurred.

Mrs. Shooter testified that Anabel, the driver, was not engaged in conversation with her nor with Beatrice; that they were told by Anabel not to speak to her while she was driving the car.

■ Substantial, more than a scintilla of, evidence is necessary to require the submission of an issue to a jury. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Ablon v. Electric Express & Baggage Co. (Tex. Civ.App.) 206 S.W. 717; Id., 110 Tex. 235, 218 S.W. 1030.

A Colorado case, Campion v. Eakle, reported in 79 Colo. 320, 246 P. 280, 281, 47 A.L.R. 289, deals with the question of negligence of a guest in an automobile collision. The facts in that case reveal that the collision occurred at a street intersection and that the car of defendant undoubtedly had the right of way over the car in which plaintiff was riding as a guest. The opinion tersely states the facts to be:

"On November 23, 1923, about 7 o'clock A. M., a Buick sedan car owned by defendant, and being driven by Davis, his chauffeur, at the intersection of Thirty-Eight and Wewatta streets, in the city of Denver, collided with a Chevrolet car, owned and driven by one Webb, with whom the plaintiff, Eakle, was riding as a guest seated upon the front seat beside the driver. The Buick car was traveling in a westerly direction along the north side of Wewatta street, and the Chevrolet car in a northerly direction along the east side of Thirty-Eighth street. At the intersection in question, and at that hour in the morning, traffic was heavy, and more or less congested. Plaintiff was familiar with that crossing, having frequently passed over it in going to and from his work. * * *

"It is true, of course, that, while the negligence of a driver of an automobile cannot be imputed to the guest, the guest, notwithstanding, may be guilty of contributory negligence, independently of the acts of the driver, but the rule announced in this jurisdiction, and here adhered to, is that authority and control over, and responsibility for the management of an automobile while being driven must rest upon the driver, and not upon the guest. St. Mary's Academy v. Solomon, supra [77 Colo. 463, 238 P. 22, 42 A.L.R. 964]; Hedges v. Mitchell, 69 Colo. 285, 289, 194 P. 620.

"In the latter cases Mr. Justice Burke said: 'But a duty to give such advice (advice to the driver as to his route, travel, speed, etc.) implies a duty to heed it, and the rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The place for a passenger who knows better than the driver of a car when, where and how it should be operated is at the wheel.'

"If one riding as a guest in the car of another were required to look out for danger and warn the driver, a most uncomfortable and harassing position would be created for the driver of a car who happened to have four or five passengers as guests; and it might well be that, if an accident happened, it could be charged to the negligence of the guests in distracting the attention of the driver as he approached or crossed every street intersection.

"The question did not arise in the Solomon Case, supra, nor does it arise here, what rule would be declared if the guest had looked and had observed danger and had not called it to the attention of the driver. .

"What we hold is that the plaintiff was not required, in the circumstances of this case, to keep a lookout at any time for danger."

In City of Uvalde v. Stovall (Tex.Civ. App.) 279 S.W. 889, 891, a case passing on the question here involved, Judge Fly, speaking for the San Antonio court, said: "The twenty-first proposition complains that the court would not submit the issue, 'Was Stoner Smith or any one of the other persons riding in the automobile with him keeping proper lookout as to where they were driving?' The court correctly refused to submit such issue, because it placed upon appellee, an occupant of the car on the rear seat, the duty of keeping a lookout for Stoner Smith, who was driving the car. She was his guest, and the duty did not devolve upon her of giving instructions for driving from the rear seat. She had no control whatever over the car, and was not responsible for

the manner in which it was driven. Being a guest, she was not required to assume the obnoxious role of a 'back seat' driver. The negligence of the driver could not be imputed to her, and she was under no obligation to keep a lookout." See Papin v. Japhet (Tex.Civ.App.) 74 S.W.(2d) 737.

By special issues Nos. 1 and 3 submitted by the court, the jury were asked to find whether or not, from a preponderance of the evidence, Blake, the driver of the truck, just at and immediately prior to the time of the collision, was operating the truck at a rate of speed in excess of 25 miles per hour, and whether or not at such time he was driving the truck with his left foot resting upon the left step of the truck, and whether such acts constituted negligence and proximate cause of the collision. The jury answered such issues in the affirmative.

Appellant requested the submission of its special issue No. 44, reading as follows:

"If you have answered Special Issue No. 1, submitted by the court, and Special Issue No. 3, submitted by the court, either or both, in the affirmative, and only in that event, then you will answer the following Special Issue 44:

"Special Issue No. 44.

"Do you find from a preponderance of the evidence that Mrs. Mary Shooter was negligent in failing to make complaint to Anabel Shooter at the speed at which the Chevrolet automobile was being operated?"

The court refused to submit such requested issue, and appellant assigns such refusal as reversible error.

We overrule the assignment. There was no evidence showing whether Mrs. Shooter did or did not make complaint to Anabel Shooter of the speed at which she was driving the car. Appellant pleaded contributory negligence only, and did not plead specifically the matters that were contained in the requested issue refused.

The court submitted issues as to Anabel Shooter's negligence in the matter of being on her left-hand side of the road, in driving in excess of 45 miles per hour, and in driving at a greater speed than an ordinarily prudent person would have done. All these issues were answered in the negative.

There is also a well-settled rule that the refusal by the trial court to give an issue or issues which are substantially covered by other issues submitted is proper, or at most, if error, is harmless error. These general principles are clearly stated in 64 Corpus Juris, p. 865 et seq., citing an abundance of decisions.

In Levy v. Rogers (Tex.Civ.App.) 75 S.W.(2d) 304, 307, it is said: "Appellants only plead contributory negligence on the appellee's part generally, whereas 'the defensive-issue' they claim under this first presentment to have been erroneously refused was embodied in six requested special issues, whereby several different specific acts were grouped as if constituting contributory negligence in each particular, their pleadings containing no reference to them; in such circumstances, the court having otherwise submitted the issues on that subject that were answered favorably to the appellee, the refusal of the tendered specifications was proper practice." See D. & H. Truck Line v. Hopson (Tex.Civ. App.) 4 S.W.(2d) 1013.

In Fox v. Dallas Hotel Co., 111 Tex. 461, at page 475, 240 S.W. 517, 522, it is said: "In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven."

Appellant requested the court to submit to the jury the following inquiries, to be answered from a preponderance of the evidence:

(1) Whether Anabel Shooter failed to have her car under such control as a reasonably prudent person would have had the same, under the same or similar circumstances, just prior to or at the time of the collision?

(2) Whether she could have avoided the collision by turning her car to her right just prior to the collision?

(3) Whether she did turn her car to the right at the time mentioned, and, if she did not, was such failure negligence?

(4) Whether or not she slackened the speed of her car upon approaching and attempting to pass the truck in question?

The submission of each of such requested issues was by the court refused, and by appellant's propositions 4, 5, 6, and 7 it assigns such refusal as reversible error.

We overrule appellant's assignments. The requested issues were substantially covered by the issues submitted by the

court; therefore the court did not err in refusing to submit them.

■ There is also a well-settled rule that, where contributory negligence is pleaded generally only, as in the present case, it is not error for the court to refuse to submit a requested charge embodying several special issues whereby several different special acts are grouped, as if constituting contributory negligence in each particular, such pleading containing no reference to such acts. Levy v. Rogers (Tex.Civ.App.) 75 S.W.(2d) 304; Fox v. Dallas Hotel Co., 111 Tex. 461, at page 475, 240 S.W. 517; Ft. Worth & D. C. Ry. Co. v. Miller, 112 Tex. 350, at page 355, 247 S.W. 503, 505.

In the last-cited case it is said:

"The latest statement by the Supreme Court of the rule announced in these cases is found in Fox v. Dallas Hotel Co. [111 Tex. 461], 240 S.W. 517, from which we quote:

" 'Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved.' "

The court in the case last quoted from cites many decisions in support of the rule announced.

■ Appellant requested the court to submit to the jury the following special issue: "Do you find from a preponderance of the evidence that the negligence of Anabel Shooter * * * was the sole proximate cause of the collision?"

The court refused to submit such issue, and appellant assigns such refusal as reversible error.

We overrule the assignment. The jury upon ample evidence, in answer to special issues submitted, found that Anabel Shooter did not commit certain acts, and the failure to submit related issues as to whether such acts were the sole proximate cause of the collision was harmless.

The issue requested inquired, in the event the jury answered the foregoing issue in the affirmative, whether the acts mentioned were the sole proximate cause of the collision. The answer of the jury was "No."

In Jones v. Roche (Tex.Civ.App.) 244 S.W. 227, at page 230, it is said: "Appellants also complain of the action of the trial court in refusing to submit for the consideration of the jury a special issue requested by appellants as to whether negligence on the part of the driver of the sand wagon was the sole proximate cause of the injuries to appellee. The trial court, as we have stated, in the first seven special issues required the jury to answer whether the driver of the sand wagon was guilty of any of the acts of negligence charged against him, and the jury, in answer to such special issues, acquitted the driver of the sand wagon of all such claimed acts of negligence. It is therefore clear that the refusal on the part of the trial court to submit the requested special issue as to whether negligence on the part of the driver of the sand wagon was the sole proximate cause of the injury did not prejudice any right of appellants. It would be unreasonable to indulge the supposition or presumption that the jury would acquit the driver of the sand wagon of all negligence charged against him, and then have found, in answer to the requested special issue, that negligence on his part was the sole proximate cause of the injury. The contention is overruled."

■ It is a well-established rule that the courts will not reverse for refusal to submit an issue where there is no probability that the jury would have determined the issue differently. Long v. Shelton (Tex.Civ.App.) 155 S.W. 945. It cannot, we think, be reasonably contended, under the evidence, that the submission of the requested issue relative to sole proximate cause would affect the verdict of the jury.

We overrule the contention made by appellant's tenth proposition. The language used by the court in its charge, complained of by appellant in its tenth proposition, did not permit or authorize the jury to award double damages, as contended by appellant. St. Louis S. W. Ry. Co. v. Swilling (Tex.Civ.App.) 143 S.W. 696; San Antonio Traction Co. v. Sanchez (Tex. Civ.App.) 84 S.W. 849; St. Louis S. W. Ry. Co. v. Highnote (Tex.Civ.App.) 84 S. W. 365; Ft. Worth & D. C. Ry. Co. v. Brown (Tex.Civ.App.) 205 S.W. 378.

Appellant contends that the judgment should be reversed because of the closing

argument made by W. D. Hart, counsel for appellee. Complaint of such argument is shown in appellant's bill of exception No. 3, wherein the argument is set out. The court qualified the bill of exception before approval, and in effect stated in such qualification that the argument complained of was provoked by the argument made by counsel for appellant, and that it was justified as a reply to such argument.

After a careful examination of the bill of exception as qualified, we have reached the conclusion that the complaint of the argument of counsel for appellee presents no ground for a reversal of the judgment.

For the reasons pointed out, so much of the judgment as awarded to appellee, Mrs. Mary Shooter, the sum of $2,400 for the death of her daughter Beatrice is reversed, and the cause relative thereto is remanded, and the remainder of the judgment of the trial court is undisturbed and is affirmed.

Affirmed in part; reversed and remanded in part.