King, J.,
delivered the opinion of the court.
On November 8th, 1903, plaintiff was injured in a collision with a street-car operated by the defendant. The collision occurred about six o’clock in the afternoon at what is known as the intersection of York street and Fortieth avenue in the city and county of Denver. Plaintiff, at the time, was riding in a one-horse, open carriage owned and driven by John Campbell, with whom she was a gratuitous passenger, his guest, accompanying him by his invitation. He was able-bodied, of mature years, an experienced driver, whom plaintiff, from long acquaintance and frequent observation, believed to be capable and prudent. The car approached the crossing from the west through a cut some three or four feet in depth, in addition to which the evidence tended to show other obstructions such as fences, *642 piles of stone, etc., which interfered to some extent with the. view of the approaching car from the carriage, and likewise, of the approaching carriage from the car. It was dark, or dnsk. The car was lighted inside, and had a headlight consisting of one ■16-candle power lamp which the motorman testified cast a light about ten feet in front of the car. The carriage approached the crossing from the- north, the horse on a trot. Neither plaintiff nor the driver looked or listened for an approaching car. The driver testified that he did not hear the car nor see it until he was crossing the track, at which time the car was within twenty feet; that he then struck the horse with whip, and the horse lunged forward, but the rear wheels of the carriage were struck by the car and the occupants thrown out. Plaintiff was suffering from toothache, and for that reason was holding her hand and handkerchief to her face, and giving slight if any attention to where they were driving. It is not in evidence that she knew of the approach to the railway tracks, or was conscious of danger, or the risk assumed by the driver. The noise of an automobile close behind the carriage diverted' the attention of the driver. The motorman testified that he did not see the carriage until his car was within three feet of it; that he sounded no gong and was running the car at full speed. The city ordinance required the motorman or person controlling the motive power of a street-car, when approaching any street crossing, to sound the gong or bell within a distance not exceeding sixty feet from such crossing. The jury returned a verdict, and judgment was entered thereon, in favor of the plaintiff, from which the defendant appealed.
*643 We have given careful consideration to each of the seventy-six • assignments of errors, but shall make specific mention of but few. The others may be understood as disposed of by the reason contained within, as well as by the express direction of section 84 code of civil procedure, Bev. Stats. 1908, and section 20, chapter 6, session laws of 1911, which latter section reads as follows: “It (the supreme court) shall disregard any error or defect in the proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.” The verdict is supported by the evidence, except in so far as absence of negligence on the part of the driver may be considered necessary to sustain it. In view of the failure of said driver to look or listen for the approach of the car, under the circumstances shown to exist, the writer of this opinion believes he is shown to have been negligent, as a matter of law, and that therefore, the case should be determined upon other questions, ' viz: (1) whether the contributory negligence of the driver, if shown, can be imputed to the plaintiff; (2) whether, under the circumstances, plaintiff was herself guilty of contributory negligence, as a matter of law.
I. The question of imputed negligence has not been fully decided by the courts of review of this state. In Denver City Tramway Co. v. Martin, 44 Colo. 324, that issue was-raised and earnestly argued, but the court avoided it by deciding that the driver was not, as a matter of'law, guilty of contributory negligence, and therefore affirmed the judgment of the trial court; while in Colorado & *644 Southern Ry. Co. v. Thomas, 33 Colo. 517, in which the question was also raised and argued, the court avoided it by deciding that plaintiff’s intestate, as well as the driver, was guilty of contributory negligence, as a matter of law, and reversed the judgment of the lower court. In the latter case, however, the court by Mr. Justice Goddard, said:
“Upon the question of imputable negligence, as applicable to occupants of private conveyances, there is much conflict among the authorities, and we think the weight of authority supports the rule that a person injured by the negligence of a defendant and the contributory negligence of one with whom the injured person is riding as guest or companion, is that such negligence is not imputable to the injured person; but there is a well recognized exception to this rule when the injured person is in a position to exercise authority or control over the driver, or is guilty, or fails to exercise such care under the circumstances, as he could, or should exercise under the circumstances to protect himself.” (citing cases)
In this case the question is squarely raised by plaintiff’s instruction No. 8, given by the court, and instruction No. 17, offered by defendant and refused, and the exceptions thereto, and by argument on this appeal. Plaintiff’s instruction No. 8 is as follows:
“The court instructs the jury that the plaintiff, Katherine M. Armstrong, cannot be held to be guilty of contributory negligence so as to defeat a recovery in this action upon that ground, unless you find from the evidence that the said Katherine M. Armstrong failed herself to exercise that degree of care and caution which a reasonably prudent and cautious person would have exercised under similar circum *645 stances, and that that failure on her part caused or, contributed to cause the striking of the vehicle in which she was riding, by the defendant’s car. If the plaintiff exercised no control over the movements of the vehicle in which she was riding, but was simply an invited guest of the driver, and had no control over the manner or way in which the buggy was driven, the negligence of the driver, if there was any such negligence, cannot be imputed or charged to her.”
In some of the states the courts have adopted the rule of imputable negligence, following the doctrine of the English courts in Thorogood v. Bryan, 8 C. B. 115, either upon the theory of “identification” of the passenger with the driver, or upon the principle that the driver of a private carriage is pro hao vice the agent of every person voluntarily committing himself to the carriage. Wisconsin, Michigan and Montana are among those states.— Prideaux v. Mineral Point, 43 Wis. 513; Lake Shore & M. S. Ry. Co. v. Miller, 25 Mich. 274; Whittaker v. Helena, 14 Mont. 124. Pennsylvania adopted the same rule, but later, overruled the earlier cases.— Dean v. Pennsylvania R. Co., 129 Pa. 514. Thorogood v. Bryan was overruled in England in Mills v. Armstrong, 53 L. T. N. S. 423, 13 App. Cas. 1, and condemned by the supreme court of the United States in Little v. Hackett, 116 U. S. 366, 6 Sup. Rep. 391. And we think it may be safely said that at the present time the great weight, if not the unbroken line, of authority of all of the states in the union, as well as of the federal courts, is opposed to the imputation of negligence from driver to passenger, either of a public or of a private conveyance, unless' *646 it appears that the relation of master and servant, or principal and agent, or association in a common enterprise, exists. — Shultz v. Old Colony Street Ry. Co., 193 Mass. 309, 8 L. R. A., N. S. 597, and cases; Little v. Hachett, supra; Duval v. Atlantic Coast Line Ry. Co., 134 N. C. 331, 65 L. R. A. 722; Colorado & Southern Ry. Co. v. Thomas, and notes thereto in 3 Am. & Eng. Ann. Cas. 700; White on Railroads, sec. 1055. In 1 Shearman & Redfield on the Law of Negligence, 5th ed., sec. 66, it is said:
“In former editions we devoted much space to the refutation of this doctrine of ‘identification’. But it is needless to do so any longer, since the entire doctrine has, since our first edition, been exploded in every court, beginning with New York and ending with Pennsylvania. * * * The notion that one is the ‘agent’ of another, who has not the smallest right to control or even advise him, is difficult to support by any sensible argument. This theory is universally rejected, except in the three states mentioned, and it must soon be abandoned even there. ’ ’
No further citation of authority is necessary, as the cases cited, with their annotations, are exhaustive of the subject and justify the rule laid down in 1 Thompson’s Commentaries on the Latv of Negligence, sec. 502, as follows: “While there are a few untenable decisions to the contrary, nearly ail American courts are agreed that the rule under consideration extends so far as to hold that where a person, while riding on a private vehicle by the invitation of the driver, or the owner or the custodian of the vehicle, and having no authority or control over the driver, and being under no duty to control *647 his conduct, and having no reason to suspect any want of care, skill or sobriety on his part, .is injured by the concurring negligence of the driver and a third person or corporation, the negligence of the driver is not imputed to bim so as to prevent him from recovering damages from - the other tortfeasor”; and .we may add, would not prevent him from recovering damages from either tort-feasor. The plaintiff in this case neither had, nor attempted to exercise, authority or control over the driver. She was not responsible for his acts; had no reason to suspect want of skill or care on his part. The relationship of master and servant, or principal and agent, or of associates in a common enterprise, did not, in fact, exist. She was injured by the negligence of the defendant; or, by that negligence and the concurring negligence of the driver, Campbell. Therefore, we conclude that the negligence of her driver cannot be imputed to plaintiff.
II. The duty and liability of plaintiff in this ease was declared by the trial court in instruction No. 20, given upon request of the defendant, as follows:
“You are instructed that plaintiff while in a buggy as the guest of another and when such other is driving, is charged with certain duties to care for her own safety, and that such duties are those imposed upon an ordinarily careful and prudent person under the circumstances, and that said plaintiff cannot, because another is driving, escape all obligation and care for her own safety; and that if you find from the evidence that she failed to exercise the care and caution that an ordinarily careful and prudent person would have done under the circum *648 stances, then she is guilty of contributory negligence and cannot recover in this action, even if defendant was guilty of the negligence charged.”
The rule as applied to a case of this kind seems to be fairly stated in Shultz v. Old Colony Street Ry. Co., supra, p. 323 of 193 Mass., as follows:
“The plaintiff would not be entitled to recover if in the exercise of common prudence she ought to have given' some warning to the driver of carelessness on his part which she observed or might have observed in exercising due care for her own safety, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of the driver. She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself of her own negligence. What degree of care she should have exercised, in accepting the invitation'to ride, or in observing and calling to the attention of the driver perils unnoticed by him, depends upon the circumstances at the time of the injury. On the other hand, she would be permitted to recover if, in entering and continuing in the conveyance, she acted with reasonable caution, and had no ground to suspect incompetency, and no cause to anticipate negligence on the part of the driver, and if the impending danger, although in part produced by the driver, was so sudden or of such a character as not to permit or require her to do any act for her own protection. ’ ’
The rule here announced appears to be the moderate view, or middle ground, as between the courts which have never adopted the rule of imputed negligence, and those which have at one time recognized *649 such rule, and later, receded from it. The instruction given by the court corresponds with the rule announced in the foregoing quotation, and is clearly in accord with the authorities hereinbefore cited; and, notwithstanding the negligence of the driver, leaves the question of plaintiff’s due care, or negligence, subject to the same conditions as in other instances of alleged contributory negligence, to be determined by the jury, as a matter of fact, and not, as a rule, by the court, as a matter of law. It is sufficient to say that there was ample evidence in this case submitted to the jury, from which, viewed in the most favorable light in which it may be reasonably considered in behalf of plaintiff, together with the allowable inferences of fact adducible from such evidence in favor of the plaintiff, to support and justify the jury in finding that the plaintiff did exercise the care and caution that an ordinarily careful, prudent and cautious person would have exercised under the circumstances, and that therefore, she was not guilty of contributory negligence without which such injury would not have occurred.
III. After the written instructions were given to the jury, and the arguments of counsel had been made, and apparently induced by the act of one of the jurors in interrupting counsel by asking questions during the argument, indicating that he had made some independent investigation, the court made the following oral statement, cautioning or admonishing the jurors, to which charge counsel for appellant objected, and the giving of which is assigned as reversible error, namely:
‘ ‘ Gentlemen, perhaps I might make one suggestion to you now, and that is, that whatever dis *650 position there may be on yonr part to substitute your judgment for any evidence there is in this case, you are not to do so. As I said to you yesterday, you are very apt, in going to look at premises, to form your opinions and base a verdict or judgment upon that which would influence you in deciding the case. You must divest yourselves entirely of anything outside of the evidence which you have heard ■from this witness stand and the instructions as I have given them to you. Whatever may be your views outside of that, whatever you may have learned outside of that, you are not to use in this .case. Of course, you may bring your experience as men in the world of business to hear in considering the evidence under the law, but anything outside of that you are not warranted in considering and you must not consider it. I think I will ask you to return a sealed verdict, gentlemen, in case you arrive at a verdict. ”
If this statement or charge is reversible error, it is so only because contrary to a specific provision o.f the code. In our opinion this charge, at the time, for the reason and under the circumstances in which it was given, was not covered by the code provision relative to written instructions to he given before argument. Of itself, it could not be prejudicial to the defendant; and, if it can be said to he eironeous or defective in any respect, we regard it as one of the errors or defects covered by the section of the . code and of the session laws referred to in. the beginning of this opinion, and as such, to be disregarded as not affecting the substantial rights of the parties.
*651 IV. Error was assigned because of misconduct of one of tbe jurors consisting in bis making some investigation of bis own outside of tbe evidence introduced, during a recess of tbe court, wbicb seems to bave caused tbe court to caution tbe jury during tbe trial against considering any of suck matters. Tbis misconduct of tbe juror was well known to appellant’s counsel before tbe case was submitted to tbe jury, and tbe record does not show that any objection was made thereto before verdict, tbe question being raised only in tbe motion for a new trial, and upon affidavits. Granting or refusing a new trial upon tbe proof and for tbe reasons mentioned, was in tbe discretion of tbe trial court, and we perceive no abuse of such discretion. Tbe judgment is affirmed.