236

Davies, Respondent, vs. Oshkosh Airport, Inc., Appellant.

*January 11—February 6, 1934.*

For the appellant there was a brief by *Barber, Keefe, Patri & Horwitz,* and oral argument by *Frank B. Keefe* and *W. Mead Stillman,* all of Oshkosh.

For the respondent the cause was submitted on the brief of *Hugh W. Goggins* of Wisconsin Rapids.

FRITZ, J.  On this appeal defendant contends that under undisputed evidence Clyde Lee, the pilot of plaintiff's airplane, was negligent, as a matter of law, in landing without having a proper lookout for objects on the field before he landed.  The following facts were established beyond dispute:  The accident happened July 10,.1928, at about 8 p. m., while the sun was still shining, on a rectangular landing field, which was maintained by defendant, and which was 2,600 feet long from north to south, and 1,300 feet wide.  Plaintiff usually kept his airplane on that field and had started from there on that day, while men were engaged in cropping the hay on the field.  At the time of the accident plaintiff was returning to the field.  He and a guest were riding in the forward cockpit of the airplane, which was being piloted by Lee.  They approached the field from the northwest, in a northwest wind.  At an altitude of 500 feet the airplane skirted the west side of the field, circled the south end by banking to the east, and then, heading northwest, approached the field from the southeast and crossed the east boundary about 990 feet from the southeast corner, in order to alight on a landing runway which extended in a northwesterly direction.  The airplane was landed on top of a new side-delivery hay-rake, which was on the landing runway, about 150 feet west of the east line of the field.  The rake was new. Its wheels were painted yellow and the rest of it was red. Under the existing conditions it was readily observable at a distance of 500 feet, excepting in so far as the view thereof was defeated by conditions hereinafter mentioned.  Lee died before the trial, and he never testified in this cause.  Plaintiff and the guest in the cockpit could not see what Lee was doing, and, as there was no other witness, there is no testi-

mony as to whether Lee was or was not keeping a lookout, or observing to see what was on the runway when he undertook to land.

In the operation and control of the airplane it was Lee's duty to exercise ordinary care. *Greunke v. North American Airways Co.* 201 Wis. 565, 230 N. W. 618. However, as we said in that case:

"Ordinary care differs under different circumstances. It is such care as the danger of the situation and the consequences that may follow an accident demand. The care used must be commensurate with the dangerous consequences to be reasonably apprehended. Ordinary care is the same at all times, but ordinary care may be a high degree of care under some circumstances, and slight degree of care under other circumstances. . . . It is the degree of care that men of reasonable vigilance and foresight ordinarily exercise in the practical conduct of their affairs. Without doubt the appellant was required to use a high degree of care, which would be the care that the great mass of men, so circumstanced as he, would ordinarily use."

In respect to the care which the great mass of pilots so circumstanced ordinarily uses in landing, the uncontradicted testimony of a pilot, who was called by plaintiff to testify as an expert, was that a pilot is not to land until he has seen that he has a clear place on which to land, and that safe piloting requires that he make as many turns as possible before landing so as to be able to see what is on the ground below. Those are obviously reasonable and necessary requirements. They are entirely in accord with the rule of law, which was established independently of any statute, that in operating an automobile a driver is negligent, as a matter of law, if he proceeds at a time when he is unable to see because his vision is obscured by smoke, or dust, or darkness, etc. *Fannin v. Minneapolis, St. P. & S. S. M. R. Co.* 185 Wis. 30, 33, 200 N. W. 651; *Hind v. Thomas,* 176 Wis. 379, 187 N. W. 192; *Lauson v. Fond du Lac,* 141

Wis. 57, 61, 62, 123 N. W. 629. So, in the case at bar, Lee was negligent, as a matter of law, if he proceeded to alight, voluntarily, at a time when he was unable, because his vision was obscured, to see the rake, which otherwise would have been visible from his position in the airplane. That Lee's view of any object on the runway was undoubtedly obscured by the sun's rays shining into his eyes just before alighting, is established by plaintiff's testimony that it was light enough to distinguish objects that had some background; that as they came from the northwest and passed the hangar, he saw the wind sock; and that he looked to see if there were any planes on the field or taking off, and it seemed to be clear to him, but he did not look for hay-rakes; and he did not see the rake because a rake is hard to see at a 500 feet altitude when passing over the field. However, he testified further, "the reason why I didn't see the hay-rake as we came from the southeast was the fact that the sunlight affected our visibility. . . . The reason I was unable to see the rake was because the sun was setting and the sun shining in the pilot's eyes made it difficult. . . . As we passed over the ground there should not be anything to prevent my pilot from seeing everything on that field at the altitude we were flying. . . . Banking the plane gives the pilot at the same time an opportunity to have a clear view of the point which the plane is circling. . . . After we had made our left bank our view of the field was partly obscured at least by the sun. With the sun setting in the west and us coming from the southeast it was hard to distinguish objects with the sun."

In view of those circumstances, it is manifest that Lee undertook to alight without having a sufficient lookout to ascertain whether the runway was clear. Until he could have a sufficient lookout to ascertain that fact, he should, in order to be free from contributory negligence, have continued to circle about the field. As there is no evidence that he could not have controlled the movement of the airplane to avoid

colliding with the rake, if he had been aware of its presence, and as, but for his negligence in alighting while his vision was obscured and insufficient, he probably would have, and in the exercise of ordinary care ought to have, become aware thereof before attempting to alight, his negligence in those respects so contributed to the collision as to defeat plaintiff's right to recover. *Szewczyk v. Milwaukee E. R. & L. Co.* 211 Wis. 265, 268, 247 N. W. 854, 855; *Fannin v. Minneapolis, St. P. & S. S. M. R. Co., supra; Lauson v. Fond du Lac, supra.*

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.