No. 14,628.

C. A. JACKSON, INC. ET AL. *v.* WILHELM.
(102 P. [2d] 731)

Decided April 15, 1940.   Rehearing denied May 20, 1940.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr: LOUIS C. GERDING, JR., for plaintiffs in error.

Messrs. BLOUNT, JANUARY & YEGGE, Mr. GRANT E. McGEE, for defendant in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

IN this suit defendant in error recovered for damages sustained in an automobile collision. The position of the parties here is reversed as to the order in which they appeared in the trial court, and they are hereinafter designated as there or by name. Plaintiff alleged negligence and defendants answered: (1) Denying generally; (2) alleging contributory negligence of plaintiff; (3) setting up that the injuries and damages sustained by plaintiff were due solely to the fault and negligence of the driver of the automobile in which plaintiff was riding, and the negligence of a third party, who had left

an automobile parked on the highway; (4) that the accident was unavoidable; and (5) that defendant C. A. Jackson, Inc., was not liable because of nonexistence of the corporation at the time of the accident; and that the corporation never agreed to assume any liability for accidents or otherwise occurring prior to the time of its corporate existence. The case was tried to a jury, resulting in a verdict in favor of plaintiff, and judgment was entered accordingly. To reverse this judgment defendants bring the cause here by writ of error.

The accident occurred immediately east of Kearney, Nebraska, on U. S. Highway 30, at dusk, about 5:30 p.m. The paved highway was covered with ice at the locus of the accident, and for a distance of about eighty miles east thereof. It was so slippery that the driver of defendant company's truck could hardly keep it on the road. The truck was proceeding in a westerly direction and plaintiff was riding in an auto which was being driven easterly. Four motor vehicles are involved in this accident: the truck of defendant company; a Chevrolet sedan, in which plaintiff was riding; a Buick driven by one Mack, and a Plymouth auto which was parked on the highway where the accident occurred. For some fifty or sixty miles the Chevrolet had been following three or four hundred feet behind the Buick. Defendant's truck, weighing, with cargo, about 33,000 pounds, and which was eight feet in width, about thirty-four feet long, and eleven feet high, was proceeding westerly. When Mack, driving the Buick, was approximately one hundred feet from the Plymouth, he for the first time noticed the latter was at a stand-still, and when some twenty feet therefrom, and proceeding at a speed of about five miles per hour, he attempted to pull his car into a parking space by a grocery store. He failed in this attempt but succeeded in getting his car fully off the paved highway by a couple of inches. The Chevrolet came to a halt about fifty feet west of the Plymouth, at which point it remained until struck by defendant's

truck. The distance of the truck from the Buick when it crossed the highway is in dispute, the approximations ranging from thirty to five hundred feet. The scope of visibility at the time of the accident also is in question, the distance being variously estimated at from 600 to 1,000 feet. The testimony as to the speed of the truck is in conflict, opinions of witnesses fixing it to be from twelve to thirty miles per hour. The accident occurred on a straight-away, but the truck was about to enter an extended curve leading into Kearney. Whether there was sufficient space for it to have passed between the Buick, off the highway, and the Plymouth, on the highway, also is in dispute.

While numerous errors are assigned, we deem it necessary to discuss only those argued in defendants' briefs. The first is predicated upon the alleged erroneous ruling of the court in denying the motion for a directed verdict, based upon the ground that no negligence on the part of the driver of defendant company's truck was shown.

The condition of the highway at the time of the accident not only was not normal, but unusual. The driver of the truck was fully aware of that condition, as he had encountered approximately eighty miles of icy road east of the point of accident. The temperature was about twenty degrees above zero. As before stated, it was difficult for him to keep the truck on the highway. Under these circumstances it was the duty of the driver to exercise unusual care, having in mind the weight of the truck and cargo. One of the defendants' witnesses testified that, traveling at the rate of twelve miles per hour, on a road in the condition shown by the evidence in this case to be present, it would require a distance of 200 feet within which to bring the truck to a standstill, without its skidding off the road. The truck operated between Chicago and Denver, a distance of 1046 miles, for which the driver was allowed a maximum time of forty-two hours to make the trip.

144

■■ We have not detailed all of the evidence, but from that narrated, it would seem that, taking into consideration all the circumstances surrounding this accident, the jury would be warranted in finding that the driver of the truck did not employ such care and caution as a reasonably prudent person would have exercised under all the circumstances. On motion for a directed verdict, or on review, the evidence is to be considered in the light most favorable to the plaintiff. *Venetucci v. Colorado Springs,* 99 Colo. 389, 393, 63 P. (2d) 462; *Crosby v. Canino,* 84 Colo. 225, 228, 268 Pac. 1021. It is clear that more than one inference as to negligence can be drawn from the evidence. Under these circumstances, the facts became solely a question for determination by the jury. *Stocker v. Newcomb,* 91 Colo. 479, 484, 15 P. (2d) 975. Under the facts here, whether there was such a sudden emergency as would justify a finding of nonliability on the part of defendants is a matter which the court properly submitted to the jury, and it having found the issues in favor of plaintiff, under the established rule we are not at liberty to disturb the verdict. If we were passing upon a ruling on a motion for a nonsuit, based solely upon plaintiff's testimony, we possibly would have a different situation, but in reaching our conclusion as to the motion for a directed verdict we necessarily take into consideration all of the evidence. No error was committed in denying the motion.

■ Defendants also contend that the court committed prejudicial error by its refusal to give defendants' requested instruction No. 8, which reads as follows: "You are instructed that in driving an automobile or truck, the driver thereof has a right to presume that other persons using the highway will drive their vehicles in a careful and prudent manner. The driver of the defendant's truck in this case was not required to assume or anticipate that other persons might be negligent or drive or manage their vehicles in a negligent

manner or in a manner prohibited by law. Until positive notice that such persons were negligent was or should have been brought to his attention, he was entitled to operate his truck on the assumption that other users of the highway would not negligently create a situation of sudden emergency which might result in an accident." This tendered instruction is not a complete statement of the applicable law. It would absolve the driver from all responsibility, without regard to the surrounding circumstances. It omits the necessary element that the driver must be employing such care as a reasonably prudent and careful person would exercise under all the circumstances present. The court committed no error in refusing to give the instruction.

■ In support of our rejection of defendants' contention as to the assigned error predicated upon misconduct of the jury, we cite *Boyles v. People,* 90 Colo. 32, 6 P. (2d) 7, and *Ison v. Stewart,* 105 Colo. 55, 94 P. (2d) 70. We note, also, that the affidavits supporting this contention are not by any members of the jury trying the case. The facts here do not bring the case within the exception appearing in *Wharton v. People,* 104 Colo. 260, 90 P. (2d) 615.

■■ The only question remaining which we think it necessary to consider relates to the liability of defendant C. A. Jackson, Inc., a Nebraska corporation. The accident occurred December 12, 1937. Defendant corporation was organized about six weeks later. All of C. A. Jackson's property involved in the transportation system, which he operated prior to the formation of the corporation, was transferred to it, the capitalization being $10,000—200 shares of stock at $50 per share—of which Jackson was the owner of sixty shares. A Mr. Davis, who had no prior connection with the business, also became the owner of stock, but the record is silent as to the extent of his ownership. The authorities on the liability of a corporation under the circumstances here involved are conflicting, and much confusion exists. The

trend, however, whatever the legal reasons are, definitely is toward liability. The principle that the fiction of corporate entity will be disregarded by the courts, when the ends of justice require it, now meets with approval in most jurisdictions. We find no authority, however, which, under the factual situation before us, would support the imposition of corporate liability, particularly when out of 200 shares the transferor of the property is the owner of only sixty, and a stranger, not connected with the business prior to incorporation, has invested therein. If the contention that the transfer to the corporation was made for the purpose of defrauding creditors had been raised in the pleadings, a different situation would arise. No issue of fraud or estoppel is presented by the pleadings. There is no evidence that any debts of Jackson's were assumed by the corporation. Under these circumstances, it was error to deny the motion for a directed verdict in its favor.

Defendants cite *Irvin v. Blair,* 100 Colo. 349, 352, 68 P. (2d) 28, in support of the contention that since the case was tried against defendant corporation, the owner Jackson, and the driver, if it be held that the corporation is not liable, complete justice requires reversal as to all defendants. Under the facts here, there is no such requirement. The liability of the owner of the truck at the time of the accident, if the driver was negligent, is not questioned.

Plaintiff sought here to impose additional liability upon the corporation, but there is no such retrial of that issue as was involved in *Irvin v. Blair, supra.* Under our holding, the corporation was not a joint tort feasor.

The judgment as to defendant C. A. Jackson, Inc., is reversed and the case remanded, with directions to dismiss. In all other respects the judgment is affirmed.

Mr. Justice Knous and Mr. Justice Burke concur.