## LONG et al. v. CLINTON AVIATION CO.
### No. 3945.

United States Court of Appeals
Tenth Circuit.

March 6, 1950.
Rehearing Denied March 31, 1950.

Donald B. Robertson, Denver, Colo. (Johnson & Robertson, and James D. Voorhees, Denver, Colo., on the brief), for appellants.

John P. Beck, Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and B R A T T O N and M U R R A H, Circuit Judges.

BRATTON, Circuit Judge.

Two airplanes, one a Stinson and the other a Cessna, collided at Stapleton Air-

field in Denver, Colorado. Ray H. Dible owned and was piloting the Stinson. Eva Long and two other women were guest passengers. Clinton Aviation Company owned the Cessna, and it was being piloted by Charles A. Stevens, agent of the company. Dible and Eva Long instituted this action against Clinton Aviation Company and Stevens. Alleging negligence on the part of the defendants as the proximate cause of the collision, plaintiff Dible sought damages for personal injuries, for injury to his airplane, and for expenses incurred for medical care and hospital services; and plaintiff Eva Long sought damages for personal injuries and loss or damage to personal property. By answer, defendants denied negligence on their part; pleaded primary negligence on the part of plaintiff Dible as the proximate cause of the accident; and pleaded contributory negligence on the part of both plaintiffs. And by counterclaim, defendant Clinton Aviation Company sought damages for injury to its airplane. On motion of plaintiffs, the action was dismissed as to defendant Stevens. Thereafter, the cause was tried to a jury. The court directed a verdict against plaintiffs on their cause of action and against defendant Clinton Aviation Company on its counter-claim. The action of the court in directing the verdict was based upon the conclusion that under the evidence defendant was guilty of negligence in the operation of its airplane, that plaintiff Dible was guilty of contributory negligence in the operation of his airplane, and that therefore neither party was entitled to recover. The court did not mention any act or omission on the part of plaintiff Eva Long as constituting negligence. The directed verdict was returned, judgment was entered accordingly, and plaintiffs appealed.

It is the settled law in Colorado, as elsewhere, that ordinarily the question whether primary or contributory negligence has been proved is for the jury. Where facts disclosed by direct or circumstantial evidence are in conflict, or when reasonable inferences drawn from the facts and circumstances may differ, the question must be submitted to the jury. It is only in the clearest case where the facts are undisputed, and where it is plain that all intelligent men could draw only one conclusion from them, that the question is one of law for the court. Phillips v. Denver City Tramway Co., 53 Colo. 458, 128 P. 460, Ann.Cas. 1914B, 29; Lambrecht v. Archibald, 119 Colo. 356, 203 P.2d 897; Swanson v. Martin, Colo., 209 P.2d 917.

At the time of directing the verdict, the court stated among other things that plaintiff Dible, due to his experience as a pilot, must have known that there were other airplanes on the field and that he must exercise extreme care and caution in proceeding to the hangar. In the absence of a statute providing otherwise, a pilot in the operation of an airplane is not required by law to exercise extreme care and caution. He is only required to exercise ordinary care in the circumstances. And ordinary care is the care which the danger of the situation and the consequences that may follow an accident reasonably demand. In a case of this kind, it is the doing or the failure to do that which an experienced pilot having due regard for the safety of himself and others would do or fail to do under the same or similar circumstances. State v. Sammon, 171 Md. 178, 189 A. 265; Greunke v. North American Airways Co., 201 Wis. 565, 230 N.W. 618, 69 A.L.R. 295; Davies v. Oshkosh Airport, Inc., 214 Wis. 236, 252 N.W. 602; Peavey v. City of Miami, 146 Fla. 629, 1 So.2d 614; cf. Finfera v. Thomas, 6 Cir., 119 F.2d 28.

It is the general rule both in the federal courts and in the courts of Colorado that on motion for a directed verdict, the evidence and the inferences that may fairly be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed, and if the evidence and the inferences viewed in that manner are of such character that reasonable men in the exercise of fair and impartial judgment may reach different conclusions in relation to the critical issue, the motion should be denied and the issue submitted to the jury. Allen v. Pennsylvania Railroad Co., 7 Cir., 120

F.2d 63; Coen v. American Surety Company of New York, 8 Cir., 120 F.2d 393, certiorari denied, 314 U.S. 667, 62 S.Ct. 128, 86 L.Ed. 534; Baltimore v. Louisville & Nashville Railroad Co., 4 Cir., 146 F.2d 358; Great Atlantic & Pacific Tea Co. v. Robards, 4 Cir., 161 F.2d 929; C. A. Jackson, Inc. v. Wilhelm, 106 Colo. 140, 102 P.2d 731; Smith v. Gvirtzman, 109 Colo. 314, 124 P.2d 926.

With these general principles in mind, we come to the crucial question whether the verdict was properly directed against plaintiffs or whether the issue of negligence on their part should have been submitted to the jury under appropriate instructions of the court. Evidence was adduced which tended to establish these facts. Dible had been piloting airplanes for about four years. He was familiar with Stapleton Airfield, having been there on former occasions. He reached the airfield about 5:15 in the afternoon. The weather was clear. He was sitting in the left front seat; Eva Long was sitting beside him in the right front seat; and the other women were occupying the rear seat. In obedience to instructions given him from the traffic control tower, he landed on runway No. 12, taxied along it in a southeasterly direction to the point of intersection with a certain runway, turned right and taxied along that runway in a southwesterly direction until he reached the point of intersection with a third runway, turned right and taxied along it in a northwesterly direction until he reached the end of the runway and entered a paved area in front of the Administration Building and certain hangars known as the apron. Continuing in a northwesterly direction, he started across the apron toward the tie-down area for small planes; and he was crossing the apron when the accident occurred. His plane was traveling at about eight miles per hour. Clinton Aviation Company was engaged in the taking of passengers on sight seeing trips in the Cessna plane. Three passengers were placed in the plane at Gate 8, located about two hundred feet south of the Administration Building. The pilot received from the control tower clearance to runway No. 12. Upon receiving such clearance, he started to taxi to the northwest corner of the field for the purpose of entering the runway. He taxied in a northeasterly direction, gradually changing his course to the left as he went along the taxi strip. The airplane was moving at about ten miles per hour. The two planes came into collision at a point substantially in front of the Administration Building and the two hangars located to the north of it. The surface was practically level and there were no obstructions between the two planes. The visibility from the pilot's seat on the left side of the Stinson was clear and unobstructed throughout the forward arc. Prior to the accident Dible had been constantly looking ahead, to the right, and to the left watching for other planes. He saw planes on the runway but he did not see the Cessna until one of the passengers in his plane said something with respect to another plane. He looked quickly to the left and somewhat to the rear, saw the Cessna for the first time, and just at that instant the collision occurred. Eva Long did not see the Cessna until one of the women in the rear seat shouted something. Thereupon, she turned her head to the left, looked behind Dible, and saw it. She threw up her arm and the collision occurred at that instant. The pilot in the Cessna was seated on the left side of the plane. He could see straight ahead, but due to the construction of the plane he could not see to the right for approximately forty-five degrees. There was a blind spot for approximately the first quarter of the arc from the front. Although he could not see in that direction, no other safety measures were taken. He did not see the Stinson at any time prior to the collision. He first became conscious of existing danger when one of the passengers seated beside a window on the right side of the plane made a statement or gave an exclamation just before the impact. There was sharp dispute in the evidence respecting the exact course the Cessna was traveling at the time of the accident, whether it was moving substantially northward or slightly to the northwest; and also whether the planes were traveling substantially

at right angles, or whether the Cessna approached the Stinson somewhat from the rear. The evidence considered in its totality presented for the jury the question whether defendant was negligent and the question whether plaintiff Dible was guilty of contributory negligence. Denver Equipment Co. v. Newell, 115 Colo. 23, 169 P.2d 174; United States v. Douglas Aircraft Co., 9 Cir., 169 F.2d 755.

■ Even though Dible may have been guilty of contributory negligence, that did not necessarily deprive Eva Long of recovery. She was a guest passenger in the Stinson airplane. She had no authority or control over Dible in its operation. She did not have any reason to suspect want of care or caution on his part in the operation of the plane. And in such circumstances, his contributory negligence, if any, was not imputed to her as a matter of law so as to deprive her of recovery. Denver City Tramway Co. v. Armstrong, 21 Colo.App. 640, 123 P. 136; St. Mary's Academy v. Solomon, 77 Colo. 463, 238 P. 22, 42 A.L.R. 964; Campion v. Eakle, 79 Colo. 320, 246 P. 280, 47 A.L.R. 289; Leonard v. Bauer, 112 Colo. 247, 149 P.2d 376; Campbell v. Trate, 112 Colo. 265, 149 P.2d 380.

■ Apart from imputed negligence, it was the duty of Eva Long to exercise ordinary care for her own safety, and if reasonably necessary to warn Dible of impending danger. But it was not part of her duty in the exercise of ordinary care to keep a vigilant lookout for other planes. She did not know and had no reason to suspect, through warning signals or otherwise, that a plane was approaching from her left. Seated on the right side of the plane in which she was a guest passenger, her failure to look to the left and see the Cessna plane approaching from that side either substantially at right angles with the Stinson, or slightly from the rear, and warn Dible of the danger did not constitute contributory negligence so as to preclude her from recovering. Hedges v. Mitchell, 69 Colo. 285, 194 P. 620; St. Mary's Academy v. Solomon, supra; Campion v. Eakle, supra.

The judgment is reversed and the cause remanded.