No. 18,156.

RALPH ROTH, ET AL. *v.* WILBUR F. SPELTS.

(326 P. [2d] 80)

Decided May 19, 1958.    Rehearing denied June 16, 1958.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, Messrs. SANDHOUSE & SANDHOUSE, Mr. NEIL L. CARLETON, for plaintiffs in error.

Mr. GRAYDON F. DOWIS, JR., Messrs. KREAGER & SUBLETT, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error will be referred to as they appeared in the trial court, or by name.

This action was instituted by plaintiff Spelts to recover damages resulting from an automobile collision between his motor vehicle and an automobile owned by defendant Maxine Roth and driven by defendant Ralph Roth, her husband. After issue joined, trial was to a jury which returned a verdict in favor of plaintiff in the sum of $3,500 and resolved the issues against defendants on their counterclaim against plaintiff, in which they alleged that the proximate cause of the accident was the negligence of plaintiff Spelts. Judgment was entered on the verdicts and the defendants bring the case here by writ of error.

For reversal defendants urge that the trial court erred in overruling defendants' motion for a directed verdict asserting that the evidence established as a matter of law that the plaintiff was guilty of negligence which contributed to the collision and the resultant injuries, and that the trial court erred in entering judgment in favor of plaintiff.

The accident, a head-on collision between two automobiles occurred in the late afternoon on August 30, 1955, on a gravel road in Logan County, Colorado. The Spelts' car was proceeding northeasterly around a curve to the right; the Roth automobile, driven by Mr. Roth, containing nine persons including four children, was being driven southwesterly around the same curve to the left. At the point of impact the roadway was 21.5 feet wide and the point of impact was fixed by the testimony as 6.9 feet from the easterly [Spelts'] side of the road and 14.6 feet from the westerly [Roth's] side of the roadway. The highway patrolman found both cars on the easterly [plaintiff's] side of the road, except the left rear wheel of plaintiff's car and the right front wheel of defendant's automobile. Testimony disclosed that defendant's car laid down 47 feet of skid marks on the easterly side of the road and its tracks on the gravel road extended back

an additional 135 feet on the easterly side of the road. Defendants contended that plaintiff was on the wrong side of the road so Roth turned to his left and stopped, and that plaintiff suddenly cut back to his right side of the road, where the accident occurred.

Roth told a highway patrolman that just prior to the accident "he was driving about the middle of the road." We quote from Ralph Roth's testimony:

"Q. It is true, is it not, that you were on the wrong side of the road for 182 feet before the accident, isn't it? A. I guess it is if that is what is measured."

█ Disputed questions of fact arose in the case which had to be resolved by the jury. From a careful review of the evidence as presented by the record before us the issue was one of fact and not one of law, and when a motion for a directed verdict in favor of defendant is considered, the evidence must be viewed in the light most favorable to plaintiff. *Jackson v. Wilhelm,* 106 Colo. 140, 102 P. (2d) 731; *Hyman & Co. v. Velsicol Corp.,* 123 Colo. 563, 233 P. (2d) 977; *Parker v. City and County of Denver,* 128 Colo. 355, 262 P. (2d) 553; *Gossard v. Watson,* 122 Colo. 271, 221 P. (2d) 353; *Book v. Paddock,* 129 Colo. 84, 267 P. (2d) 247.

█ The facts and circumstances relating to the conduct of the parties at the time and immediately preceding the impact, and questions concerning the credibility of the several witnesses, presented questions which could only be resolved by the jury. To justify the withdrawal of a case from the jury, not only should the facts be undisputed, but the conclusions to be drawn from those facts should be indisputable.

The jury determined that the accident was the proximate result of the negligence of defendants and resolved the issue of contributory negligence against them, all of this under instructions which are not challenged. We, therefore, must affirm the judgment, and it is so ordered.