## No. 17,119.

BOOK ET AL. *v.* PADDOCK ET AL.

(267 P. [2d] 247)

Decided February 15, 1954.   Rehearing denied March 8, 1954.

Messrs. YOUNG, YOUNG & CATES, for plaintiffs in error.

Messrs. RECTOR, KANE & CALVERT, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

DEFENDANTS in error, plaintiffs below, recovered judgments in the district court against plaintiffs in error, defendants below, upon claims for personal injuries and property damage claimed on account of an automobile-truck · accident which occurred under circumstances hereinafter stated. Plaintiffs in error seek reversal by writ of error. We refer to the parties as they appeared in the trial court.

The accident out of which plaintiffs' claim arose occurred about 10 P.M. on June 6, 1951, on a bridge about forty-five feet long, on Highway 94, fifteen miles east of Colorado Springs, Colorado. Plaintiffs' passenger car was proceeding in a westerly direction. Defendants' truck was approaching from the opposite direction on the same highway. Plaintiffs' evidence was that at the time of the impact their car was stopped, or nearly so, and that the driver thereof was blinded by the headlights of defendants' truck. There is evidence in the record that plaintiffs' automobile was on its proper side of the road. This was disputed by evidence introduced by defendants. There is also evidence in the record that defendants' truck, immediately prior to the accident, was being driven in excess of sixty miles per hour. This was also disputed by defendants. After the collision, defendants' truck proceeded easterly from the point of impact, a distance variously estimated by witnesses at seventy-five to three hundred, or more, feet, before it came to a stop. To sustain their respective claims and defenses each side introduced testimony of three witnesses in addition to that of the litigants.

Counsel for plaintiffs in error call upon us to set aside a judgment entered upon disputed facts. We are not · asked to determine whether the trial court made proper application of the law pertaining to actions of this nature, neither are we requested to pass upon the instructions given the jury, for there is no objection thereto on the part of counsel for plaintiffs in error. On the trial they offered no instructions which were refused by the

court. The sole question presented by this writ of error is one of fact, it being the contention of counsel for plaintiffs in error that the accident could not have happened as plaintiffs said it did; that it was "physically and mathematically" impossible for the facts to ·be as stated by plaintiffs, and determined by the jury.

The ultimate question of fact. in this case is, of course, which of the two drivers failed to keep his vehicle on its proper side of the road. It is clear that at least one of them crossed the center of the highway.

■ ■ The question of contributory negligence on the part of plaintiffs, or either of them, was submitted to the jury under proper instructions. Thus, issues of fact were presented to be determined by the jury, the trier of the facts. There being sufficient substantial and competent evidence to support the verdicts, and the verdicts not being against the clear weight of the evidence, the findings of the jury are binding on this court. The jury, being properly instructed, is the arbiter of conflicting evidence, and its determination of the weight and credibility, as well as the inferences and implications to be drawn therefrom, is not to be supplanted by this court's impressions or conclusions from the written record. *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862.

■ The facts in *West, et al. v. Abney,* 203 Okla. 227, 219 P. (2d) 624, are almost identical with those in the instant case. We cite this case because there was, as here, a near head-on collision between vehicles in the nighttime. There, as here, defendants insisted that the facts were insufficient to submit the case to the jury. We have repeatedly held that the evidence must be viewed in the light most favorable to the party on whom rests the onus of proof, when the trial court considers the matter of a directed verdict. In the instant action the jury resolved the issues in favor of plaintiffs, and the learned trial judge, who heard and saw the witnesses, declined to enter a judgment notwithstanding the verdicts. Our careful review of the entire record con-

vinces us that the trial judge did not err in either of the rulings which are here suggested for reversal.

MR. JUSTICE HOLLAND not participating.