■ ABRAHAM & CO., INC., et al., Appellants, v DOLLAR SAVINGS BANK OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County, entered on September 25, 1974, denying plaintiff's motion for partial summary judgment, unanimously modified, on the law, so as to grant summary judgment to defendant Dollar Savings Bank, dismissing the complaint and

severing the action as to it. Said defendant-respondent shall recover of appellants $60 costs and disbursements of this appeal. Except as so modified, the order is affirmed, without costs and without disbursements as to defendants except Dollar. To satisfy a debt owed to the plaintiff stockbroker, Forman, its customer, caused Dollar to issue a teller's check payable to plaintiff's order in the amount of the debt. The check was drawn by Dollar on its account at Manufacturers Hanover Trust Company (Manufacturers) and mailed by Forman to plaintiff's office where it was wrongfully appropriated by the latter's employee who erased plaintiff's name as payee and substituted his own. He then deposited the altered check with Marine Midland Bank-New York (Marine) which accepted it, credited the employee's account and collected the amount of the check from the drawee, Manufacturers. Some 18 months later, as a consequence of a surprise audit conducted by the New York Stock Exchange, the employee's deception was uncovered. Based on an assignment of Foreman's claim against Dollar, plaintiff, as her assignee, seeks recovery for conversion against Dollar. As against the collecting and drawee banks, plaintiff seeks damages in its capacity as payee. When plaintiff received and accepted the Forman check as payment for her outstanding indebtedness this effected a discharge of the underlying obligation and relieved the drawer, Dollar, of any further responsibility on the instrument (Uniform Commercial Code, § 3-802, subd [1], par [a]). There being no cause of action against Dollar to assign, Forman's assignment conferred no rights on the plaintiff. With respect to the remaining defendants, triable factual issues exist, at the very least, as to whether the plaintiff, as payee, was negligent (87 ALR2d 638), whether Marine qualifies as either a holder in due course or payor within the meaning of section 3-406 of the Uniform Commercial Code (cf. *Long Is. Nat. Bank v Zawada,* 34 AD2d 1016) and whether the defendants acted in accordance with reasonable commercial standards. Concur—Markewich, J. P., Kupferman, Tilzer, Lane and Yesawich, JJ.