**Mary Jane MILLER and Elijah Miller, a Minor, by his Next Friend, Mary Jane Miller, Plaintiffs-Appellants and Cross-Appellees,**

v.

**MOUNTAIN VALLEY AMBULANCE SERVICE, INC., a Colorado Corporation, Defendant-Appellee,**

and

**The City of Colorado Springs, a Municipal Corporation, Defendant-Appellee and Cross-Appellant.**

No. 82CA0591.

Colorado Court of Appeals, Div. III.

Sept. 6, 1984.

Rehearing Denied Oct. 11, 1984.

Certiorari Denied Jan. 14, 1985.

Joe Orell, Dennis W. Hartley, Colorado Springs, for plaintiffs-appellants and cross-appellees.

Elvin L. Gentry, Colorado Springs, for defendant-appellee.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, J. Stephen Mullen, Colorado Springs, for defendant-appellee and cross-appellant.

KELLY, Judge.

In this wrongful death action, Mary Jane Miller and her son, Elijah Miller, appeal the order of the trial court granting a directed verdict to the City of Colorado Springs on the ground that it had no duty to their decedent, James Miller. They also appeal the judgment exonerating Mountain Valley Ambulance Service, Inc., which was entered on the jury verdict finding that, although Mountain Valley was negligent, its negligence was not the cause of the injury.

The Millers argue that the trial court erred in ruling that the City of Colorado Springs had no duty to render medical assistance to James Miller and in ruling that the City could not be held liable for the acts or omissions of its employee. They further argue that the verdict of the jury in favor of Mountain Valley was contrary to the law and to the evidence. While the City argues that the trial court correctly granted its motion for directed verdict, it argues in the alternative that the notice given by the plaintiffs pursuant to § 24–10–109, C.R.S., was inadequate. We conclude that the result reached by the trial court was correct, and we therefore affirm.

On October 26, 1978, James Miller received a severe electrical shock while repairing the roof of an apartment house where he was employed. Both the Colorado Springs Fire Department and Mountain Valley Ambulance Service, Inc., were dispatched and, upon arrival at the scene, found Miller still alive. However, he died on the way to the hospital.

About January 12, 1979, the plaintiffs filed with the City their notice of claim for death by wrongful act or omission. It is uncontroverted that this notice alleged, in part, that the City was negligent in failing to:

"[i]nsure that the power lines were so routed as to comply with the Pikes Peak Regional Building Code, 1978 Edition, and the National Electrical Code, 1978 Edition, incorporated by reference in the Pikes Peak Regional Building Code. The power lines did not comply with the minimum structure and ground clearance requirements and were otherwise not in compliance with the Pikes Peak Regional Building Code and the National Electrical Code."

This notice further stated that Miller suffered death by electrocution when, in the course of his employment, a ladder he was using came in contact with certain power lines.

Initially, the cause of death was thought to be cardiac arrest from electrocution. In April 1979, however, Miller's body was exhumed, an autopsy was performed, and the cause of death was amended to be asphyxiation by the aspiration of gastric content. This action, commenced in October 1980, was based on the theory that Miller's death was caused by negligent care he received while being transported to the hospital. There was neither an amendment to the notice of claim previously filed by the plaintiffs with the City nor a new notice of claim filed by them.

We conclude that the plaintiffs failed to comply with the requirements of § 24–10–109(2)(b), C.R.S. (1982 Repl.Vol. 10), and thus, judgment in favor of the City was proper. Accordingly, we need not consider whether the trial court ruled correctly that the City had no duty to the decedent and could not be held liable pursuant to the doctrine of *respondeat superior*. A correct judgment will not be disturbed on review even though the reason for the decision may be wrong. *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.*, 665 P.2d 635 (Colo.App.1983).

In pertinent part, § 24–10–109(2) requires that the notice to be given a public entity shall contain "[a] concise statement of the basis of the claim, including the date, time, place, and circumstances of the act, omission or event complained of...." We agree with the City's position that the

statement of the "basis of the claim" required by this statute must put the public entity on notice of the theory on which a forthcoming lawsuit will rest.

This conclusion flows from the decision of this court in *Young v. State*, 642 P.2d 18 (Colo.App.1981), and the certiorari review of that decision in *State v. Young*, 665 P.2d 108 (Colo.1983). In the Court of Appeals opinion, we stated:

"[Section] 24–10–109(2)(b), C.R.S.1973, requires that the notice contain a concise statement of the basis of the claim. Obviously, this cannot be done until knowledge of the cause of injury is received. "The test to be used by a trier of fact, in situations where the knowledge of the injury and the knowledge of the causal factors of the injury are not simultaneously perceivable, is when the injured party discovered, or in the exercise of reasonable diligence, should have discovered the injury and its basis as a claim."

In approving this test, the Supreme Court stated:

"To expect Young to have deduced the element of causation on March 1 in order that the statute of limitations would start to run on that date, as defendant argues, would 'impose an unfair burden, if not an impossible requirement' upon Young. The elements of a claim under the Colorado Governmental Immunity Act may not become known to a plaintiff in an order as neat and logical as they might be set out in a complaint or proven at trial. We therefore hold that there must be a reasonable opportunity for a claimant to discover the basic and material facts underlying a claim before she is duty-bound to give the statutory notice required by section 24–10–109(1)."

Implicit in these holdings is the proposition that, since the "basis of the claim" must be stated with precision, a claimant must be given adequate opportunity to discover the facts providing that basis. Here, the causative factors underlying the plaintiffs' claims for relief were not discovered until six months after the accident. Yet the notice previously filed with the City was neither amended nor was a new notice given. The conclusion is inescapable that, there being no notice which advised the City of the "basis of the claim," the action against it is barred by § 24–10–109, C.R.S. (1982 Repl.Vol. 10).

We also disagree with the plaintiffs' contention that the evidence did not support the jury's verdict and that the jury disregarded the instructions. Negligence results in liability only if accompanied by causation. *City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981). As noted above, there was conflicting evidence of the cause of Miller's death. Conflicts in the evidence are for the fact-finder, and the appellate court will not replace the jury's findings with its own impressions or conclusions drawn from the record on review. *Book v. Paddock*, 129 Colo. 84, 267 P.2d 247 (1954).

The judgment is affirmed.

TURSI and METZGER, JJ., concur.