OPINION OF THE COURT
Sidney Leviss, J.
In an action to recover the balance remaining unpaid on two cashier’s checks, defendants move pursuant to CPLR 3211 (a) (7) and 3211 (c) to dismiss the complaint for failure to state a cause of action and for summary judgment. Since the notice of motion informed plaintiffs of movants’ intention to seek summary judgment and the legal issues raised have been addressed by both parties, the court will treat the motion as one for summary judgment.
On March 2, 1985 plaintiffs entered into an agreement with defendants Roger Chang, Powers Chang and William Su assigning to them for the consideration of $295,000 all rights to a contract of sale for the purchase of real property between plaintiffs and Ox Head Brand Co., Ltd. The terms of payment required $175,000 to be paid on execution of the assignment, $35,000 to be paid by certified check two days before closing of title on the underlying real property and the balance of $85,000 to be paid by certified check at the time of closing. Defendants Powers Chang, Roger Chang and William Su subsequently assigned their rights to defendant Roosevelt & Main Street Realty Corp., a corporation in which they were the principal shareholders.
At the closing on June 20, 1985 defendants tendered to plaintiffs two certified checks drawn on the corporate defendant’s account at Golden Pacific National Bank for $85,000 and $35,000 that were made payable to defendant corporation and indorsed by the individual defendants to plaintiffs’ order. Because plaintiffs rejected the certified checks as not made payable directly to their order, the certified checks were replaced with two cashier’s checks of Golden Pacific National Bank for $60,000 each. On June 21, 1985 Golden Pacific National Bank was placed into receivership by the Federal Deposit Insurance Corporation and the cashier’s checks were dishonored. The cashier’s checks were subsequently redeposited and honored to the extent of $100,000, leaving the sum of $20,000 unpaid. The account of the corporate defendant was debited for the full amount of the checks.
Plaintiffs’ contention that defendants are liable for the unpaid balance must be rejected as contrary to the provisions *574 of the Uniform Commercial Code. UCC 3-802 (1) (a) states that, unless otherwise agreed, where a check is taken for an underlying obligation "the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor”. Plaintiffs’ acceptance, therefore, of the cashier’s checks substituted the obligation of the bank for that of defendants and discharged defendants’ debt on the underlying assignment agreement. (See, Abraham & Co. v Dollar Sav. Bank, 48 AD2d 807; Bank of New York v Welz, 118 Misc 2d 645; Taboada v Bank of Babylon, 95 Misc 2d 1000; Matter of Nowicki, 76 Misc 2d 384.) No evidence sufficient to raise a triable issue of fact has been presented to show that the cashier’s checks were not intended to stand in place of the original certified checks or that the cashier’s checks were indorsed by defendants.
Accordingly, the motion is granted and summary judgment is awarded movants on the complaint.