**FIFTH THIRD BANK, Plaintiff–Appellant,**

v.

**Monay N. JONES, Defendant–Appellee.**

No. 06CA0296.

Colorado Court of Appeals,
Div. III.

July 12, 2007.

Castle Meinhold & Stawiarski LLC, Deanna L. Westfall, Denver, Colorado; Faegre & Benson LLP, Michael S. Freeman, Denver, Colorado, for Plaintiff–Appellant.

Berenbaum, Weinshienk & Eason, P.C., I.H. Kaiser, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Fifth Third Bank (the bank), appeals the trial court's judgment in favor of defendant, Monay N. Jones (the debtor), on the bank's attempted foreclosure of a deed of trust. We affirm.

In November 2000, the debtor executed a promissory note in favor of a mortgage company in the amount of $261,250 that was secured by a deed of trust on her home. Sometime thereafter, the bank became the holder of the note. The debtor then defaulted in the payment of the note, and, in September 2001, the bank and the debtor entered into a modification of the note, which raised the note's balance to $280,231.23. The debtor again defaulted on the note.

On or about November 13, 2001, the bank received a check from a third party as payment on the debtor's account. The bank's loss mitigation representative (the bank representative) working on the debtor's account noted receipt of the check in the bank records and forwarded it to the payoff department. Approximately one week later, it was noted in the bank's records that the check had been lost without having been posted to the debtor's account or submitted for payment. The bank notified the debtor of the loss, and both parties searched, without success, for a copy of the lost check or evidence of the identity of its maker, drawee bank, or amount.

The bank commenced a foreclosure of the deed of trust in late 2002. The debtor asserted during the C.R.C.P. 120 proceedings that the note had been paid in full by a cashier's check issued by an Arkansas bank at the request of a deceased aunt. After receiving evidence, including bank records noting the receipt of a check and the testimony of the bank representative, the trial court found as follows:

> I find by a preponderance of the evidence, that it is substantially more likely than not that [the check] was either a cashier's check or certified funds or a certified check. . . .
>
> Consequently, under [§ 4–3–310, C.R.S. 2006] the effect of the receipt of that check which is not disputed at all, is discharge of the debt to the same extent as if the envelope had been full of bills— cash.
>
> The question then becomes how much was the check for or how much cash equivalent was received. And in that respect, I find that it is more likely than not by a preponderance of the evidence, that it was for the full amount of a payoff—actually probably a little bit more than the full amount of the payoff.

Judgment was entered in favor of the debtor, and the foreclosure was terminated.

The bank filed post–trial motions, including a motion for a new trial on the basis of newly discovered evidence, all of which were denied. This appeal followed.

## I.

The bank argues that the trial court erred in finding that the promissory note had been paid in full because the record does not support the findings that the check was a cashier's check, certified funds, or a certified check for the payoff amount. We are not persuaded.

When sufficiency of the evidence is challenged on appeal, an appellate court must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the verdict. *Parr v. Triple L & J Corp.*, 107

P.3d 1104, 1106 (Colo.App.2004). If there is sufficient substantial and competent evidence to support a verdict, and the verdict is not against the clear weight of the evidence, the findings of the trial court are binding on this court. *Book v. Paddock*, 129 Colo. 84, 86, 267 P.2d 247, 248 (1954). Because the trial court relied on the testimony of the bank representative as well as documentary evidence, we disagree with the bank's assertion that it is entitled to a de novo standard of review.

■ Here, the trial court's conclusion that the check "was either a cashier's check or certified funds or a certified check" was supported by the bank representative's testimony that if the bank had received a personal check instead of certified funds, a notation would have been made in the debtor's record. No such notation was made. In addition, the bank representative testified that the bank "wouldn't accept a personal check as a payoff, but a business check . . . or certified funds, cashier's check, money orders . . . would be accepted as a payoff." The bank representative accordingly entered a note on the debtor's account which stated that the bank had received a "payoff," and forwarded the payment down to the "payoff department."

The trial court's conclusion that the check was "for the full amount of a payoff" also has support in the testimony of the bank representative. Specifically, she testified that when she received the check, she "assumed it was a payoff." While she testified that she had not determined whether the check was for the whole payoff amount, she said that "it was a large amount." The bank representative had worked with the debtor's account prior to receiving the check and appeared to be familiar with the account. Finally, we note that the uncertainty in ascertaining the amount of the check was caused by the bank's own actions.

Given this evidence, we conclude that the record supports the trial court's finding that the check "was either a cashier's check or certified funds or a certified check" and that the check was "for the full amount of a payoff."

## II.

The bank asserts that the trial court erred as a matter of law by ruling that the promissory note was paid in full because the missing check was not "taken for an obligation" by the bank within the meaning of § 4–3–310(a), C.R.S.2006. Specifically, the bank argues that a check is not "taken for an obligation" while internal administrative actions are pending. We disagree.

Section 4–3–310(a) states:

> Unless otherwise agreed, if a certified check, cashier's check, or teller's check is *taken for an obligation*, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation. Discharge of the obligation does not affect any liability that the obligor may have as an endorser of the instrument.

(Emphasis added.)

■ The sole dispute here is whether or not the check was "taken for an obligation" for the purposes of § 4–3–310(a). Thus, we must construe the statute.

The interpretation of statutes is a question of law subject to de novo review. *Hendricks v. People*, 10 P.3d 1231, 1235 (Colo.2000). When construing statutes, our primary duty is to give effect to the intent of the General Assembly, looking first to the statute's plain language. *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo.2004). If a statute is clear and unambiguous on its face, then we need not look beyond the plain language and must apply the statute as written. *Garhart ex rel. Tinsman v. Columbia/HealthONE, L.L.C.*, 95 P.3d 571, 591 (Colo.2004).

Here, we conclude that the check was "taken for" the debtor's obligation without regard to the bank's internal procedures. Our conclusion also is supported by the plain language of § 4–3–310, by the comments to that section, and by case law.

The official comment to § 4–3–310, states: "Subsection (a) deals with the case in which a certified check, cashier's check or teller's check *is given in payment of an obligation.*

In that case the obligation is discharged unless there is an agreement to the contrary." Section 4–3–310 cmt. 2 (emphasis added). This comment indicates that the drafters intended that the taking for an obligation occurs simultaneously with the giving of the payment. This interpretation corresponds with the plain meaning of the verb "take," which is "[t]o obtain possession or control." *Black's Law Dictionary* 1492 (8th ed.2004).

In addition, Section 4–3–310(b), C.R.S. 2006, states, in pertinent part, that "if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken" until the check is paid, certified, or dishonored. The bank's interpretation of "taken for an obligation" would render subsection (b) meaningless.

Further, case law supports this interpretation. As used in the Uniform Commercial Code, certified or bank checks are the equivalent of cash in satisfying the underlying obligation. Section 4–3–310(a); *Harrington v. Macnab*, 163 F.Supp.2d 583, 586 (D.Md. 2001); *see also Flatiron Linen, Inc. v. First Am. State Bank*, 23 P.3d 1209, 1212 (Colo. 2001) ("[A] cashier's check is equivalent to cash."). There is no case law to support the proposition that a bank has not taken cash when internal administrative actions are pending or that the risk of loss of cash lies with the payor.

■ And, finally, title to a cashier's check, money order, or currency passes with delivery to the person who receives it in good faith and for valuable consideration. *Transamerica Ins. Co. v. Long*, 318 F.Supp. 156, 160 (W.D.Pa.1970); *see also Chen v. Roosevelt & Main St. Realty Corp.*, 131 Misc.2d 572, 574, 500 N.Y.S.2d 948, 950 (Sup. Ct.1986) ("Plaintiffs' acceptance ... of the cashier's checks substituted the obligation of the bank for that of defendants and discharged defendants['] debt on the underlying assignment agreement."). When a commercial paper is made payable directly and originally to the bank at which it is deposited, the legal title is vested in the bank upon its receipt of the instrument. *Gulf Refining Co. v. Bagby*, 200 La. 258, 7 So.2d 903, 908 (1942).

The bank's reliance on *Transamerica Ins. Co. v. Long, supra*, 318 F.Supp. at 160, and *Am. Fed. Sav. & Loan Ass'n v. Madison Valley Props. Inc.*, 288 Mont. 365, 958 P.2d 57, 65–66 (1998), is unavailing. Those cases hold that in some situations, an instrument purchased with stolen funds can defeat the holder's title to the proceeds.

■ The bank also argues, without avail, that the debtor must comply with § 4–3–312, C.R.S.2006, to obtain a remedy. Section 4–3–312 provides procedures through which "a claimant" who has a lost, destroyed, or stolen cashier's check, teller's check, or certified check "may assert a claim to the amount of a check by a communication to the obligated bank describing the check with reasonable certainty and requesting payment of the amount of the check." Section 4–3–312(b), C.R.S.2006. In this context, " '[c]laimant' means a person who claims the right to receive the amount of a cashier's check, teller's check, or certified check that was lost, destroyed, or stolen." Section 4–3–312(a)(2), C.R.S.2006.

The plain language of § 4–3–312 indicates that this section protects, or benefits, the person who lost the check. The official comments to § 4–3–312 illustrate that the purpose of the statute is to offer a person who loses a check a way to obtain payment within a reasonable period of time without the expense of posting a bond and with full protection of the obligated bank. Section 4–3–312, cmt. 1. Here, the bank, not the debtor, lost the check. Therefore, the debtor does not need to comply with § 4–3–312 to benefit from the check.

In light of the immediately foregoing argument, it should be noted that the check was lost without the bank's having recorded the identity of the drawee, the endorsees if any, the drawer bank, or the amount. We would further note that the bank devotes considerable space in its briefs to the results of a post-trial This information was not presented to the trial court investigation. and is not evidence in this case.

Therefore, we conclude that the bank took the check within the meaning of § 4–3–310(a).

### III.

The bank argues that the trial court erred as a matter of law by concluding that the loan was discharged even though procedural conditions required by the debtor's mortgage agreement were never met. However, the bank did not make this argument to the trial court, and so it will not be addressed on appeal. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992).

The judgment is affirmed.

FURMAN and BERNARD, JJ., concur.