This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. 33,221**

**OBINNA IZUNDU,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Todd B. Hotchkiss, Attorney at Law, LLC
Todd Bruce Hotchkiss
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Defendant Obinna Izundu appeals the judgment entered by the district court after a bench trial convicting him of aggravated driving under the influence of intoxicating liquor or drugs (DWI), second offense, in violation of NMSA 1978, Section 66-8-102(A), (D)(3), (F)(1) (2010). The sole argument Defendant raises on appeal is that his DWI conviction should be reversed because the State unlawfully commenced his misdemeanor DWI prosecution when it filed only the DWI citation in the magistrate court and did not file a separate criminal complaint. We affirm the conviction.

**BACKGROUND**

**A.    The Arrest and the DWI Citation**

{2} On June 7, 2012, Defendant was arrested and charged with DWI, third offense, and related traffic offenses. Pertinent to the DWI charge, a two-page document titled, "DWI CITATION" was issued to Defendant and filed with the Otero County Magistrate Court. The first page of this DWI citation consisted of an "ABSTRACT OF RECORD" and the second page consisted of a notice of revocation of driving privileges. The DWI citation contained Defendant's name and address; the name of the offense charged—"Driving Under the Influence of Intoxicating Liquor or Drug"; a citation to the specific section of law violated—"66-8-102 NMSA 1978"; a

statement that Defendant was to appear in magistrate court the next day, June 8, 2012 at 8:30 a.m., which was located at "263 Robert H. Bradley[,] Alamogordo"; and the following sworn statement of facts made by the arresting officer:

> I hereby swear or affirm that on the 7[th] day of June, 2012, I arrested [Defendant] based on my reasonable grounds to believe that he[] had been driving a motor vehicle . . . while under the influence of intoxicating liquor or drugs in the County of Otero, New Mexico. Details of said grounds are specified below.
>
> REASON FOR STOP: [Defendant] driving [s]outh in the [n]orth bound lane[.]
>
> BASIS FOR CONCLUSION THAT PERSON WAS DRIVING: . . . [Defendant] in driver seat[,] vehicle running[.]
>
> BASIS FOR CONCLUSION THAT PERSON WAS UNDER INFLUENCE: [boxes were checked affirming the presence of an odor of alcohol; bloodshot, watery eyes; slurred speech; and driver's admission.]
>
> . . . .
>
> [Defendant] was asked to submit to a chemical test to determine his[] blood or breath alcohol content and, after being advised that failure to submit to a chemical test could result in the revocation of his[] driver's license and/or driving privileges in New Mexico, refused to submit to such a chemical test [by saying, "NO."]
>
> . . . .
>
> DECLARATION - I hereby declare under the penalty of perjury that the information given in this statement is true and correct to the best of my knowledge. [arresting officer's signature]

**B.      The Magistrate Court Proceedings**

{3}      The DWI citation was filed with the Otero County Magistrate Court, and Defendant appeared before the magistrate court on June 8, 2012. The State proceeded to prosecute Defendant, and after a bench trial, the magistrate court convicted Defendant of aggravated DWI, second offense, along with the other charged traffic offenses. Defendant filed a notice of appeal asking for a de novo trial in the district court. *See* Rule 6-703(A) NMRA (providing the right to appeal a magistrate court's conviction to the district court); NMSA 1978, § 35-13-2(A) (1996) (providing that "[a]ppeals from the magistrate courts shall be tried de novo in the district court").

**C.      The District Court Proceedings**

{4}      Prior to the bench trial in the district court, Defendant filed a "Motion to Dismiss Criminal Charges and DWI Citation for Lack of Jurisdiction[.]" In that motion, Defendant argued that the DWI charges against him should be dismissed "for lack of jurisdiction" because the State did not properly commence the prosecution under Rule 6-201(D) NMRA, which requires that a "criminal complaint" be "prepared" and "filed with the [magistrate] court" when a person is "arrested without

4

a [w]arrant[.]" The district court held a hearing on the motion on July 8, 2013, the day of the trial. It orally denied the motion to dismiss on the basis that NMSA 1978, Section 66-8-131 (1990) provides that "[t]he uniform traffic citation used as a notice to appear is a valid complaint, though not verified." After proceeding with a trial on the merits, the district court found Defendant guilty of DWI.

{5}    On July 29, 2013, three weeks after the trial, but before the final judgment was entered, Defendant filed a "Motion to Reconsider Denial of Motion to Dismiss Criminal Charges and DWI Citation for Lack of . . . Jurisdiction[.]" In this motion, Defendant cited other authority and made further arguments in support of his assertion that the charges should be dismissed for "lack of jurisdiction" because the DWI citation was insufficient to commence the prosecution. Specifically, he argued that (1) Section 66-8-131 did not apply to the DWI citation because the DWI citation was not a "uniform traffic citation" under NMSA 1978, Section 66-8-128 (1978) because it did not contain a "penalty assessment notice" as required by that statute; and (2) this Court stated in *State v. Sandoval* that "a citation could not be construed to take the place of more conventional charging procedures[.]" 1984-NMCA-053, ¶¶ 13-14, 101 N.M. 399, 683 P.2d 516 (concluding that, despite the metropolitan court rule stating that a "criminal action is commenced by * * * issuing a citation if permitted by law[,]"

the issuance of a citation for DWI did not trigger the defendant's Sixth Amendment right to counsel (internal quotation marks and citation omitted)). Defendant quoted and described the content of several other statues in his motion to reconsider, including NMSA 1978, Sections 66-8-130 (1978), 66-8-123 (1978), 66-8-122 (1953); 66-8-7 (1978), and 31-1-6 (1973). However, he did not provide argument explaining how any of these statutes supported his assertions. The district court summarily denied the motion to reconsider at the same time that it entered the final judgment.

**D.      Argument on Appeal**

**{6}**      On appeal, Defendant appears to abandon the argument that he made in the district court that the method used to commence Defendant's prosecution created a "lack of jurisdiction"; thus, we do not address it. *See State v. Edwards*, 2007-NMCA-043, ¶ 15, 141 N.M. 491, 157 P.3d 56 (concluding that an issue argued in the district court but not renewed in the brief in chief is abandoned on appeal). Instead, Defendant asserts that his conviction should be reversed because the State "is not permitted" to commence a prosecution for a "full misdemeanor" DWI by only filing the DWI citation without a separate criminal complaint. In support of this assertion, Defendant renews his arguments that Section 66-8-131, which provides that a uniform traffic citation is a complaint, does not apply to the DWI citation; that filing the DWI citation

6

alone is contrary to Rule 6-201(A)(1), (A)(2), and (D); and that the statement made in *Sandoval* supports these assertions. Defendant also cites numerous other statutes, which he asserts "do[] not apply" to this case. Thus, we understand Defendant's argument to be that there is no authority that allowed the State to commence Defendant's DWI prosecution by filing only the DWI citation, and that Rule 6-201(A)(1), (A)(2), and (D) actually prohibits it.

**{7}** Defendant makes two additional arguments on appeal that he did not make in the district court: (1) that a police officer does not have the power to charge individuals with crimes, and (2) that we should adopt the remedy provided to a defendant in the event the State fails to follow the rules for filing a grand jury indictment for a felony, which is that the charges should be dismissed. We decline to review these arguments because they were not preserved and they do not involve questions of general public interest or fundamental rights. *See* Rule 12-216(A)-(B) NMRA; *see also State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (explaining that an argument must be developed in the district court in order to preserve it for review).

**DISCUSSION**

**{8}** Defendant's arguments require us to engage in an interpretation of the statutes and court rules, both being questions of law that we review de novo. *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 6, 142 N.M. 527, 168 P.3d 99. Our primary goal is to determine and give effect to the intent of the drafters by giving the language of the statutes and rules a "literal reading if the words used are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity or contradiction." *Id.*

**{9}** Our Supreme Court has adopted rules of criminal procedure for the magistrate courts. *See* Rules 6-101 to -812 NMRA. "These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every magistrate court action." Rule 6-101(B) NMRA. Rule 6-201(A) provides three ways in which a "criminal action is commenced" in the magistrate court. The first way is by filing "a complaint consisting of a sworn statement containing the facts, common name of the offense charged, and where applicable, a specific section number of New Mexico Statutes Annotated, 1978 Compilation which contains the offense." Rule 6-201(A)(1). The second way is by filing "a traffic citation issued by a state or local traffic enforcement officer pursuant to Section 66-8-130[.]" Rule 6-201(A)(2). The third way is by filing "a citation issued by an official authorized by law that contains the name

and address of the cited person, the specific offense charged, a citation to the specific section of law violated and the time and place to appear." Rule 6-201(A)(3). Rule 6-201(D) then provides:

> In all criminal cases, including cases which are not within magistrate court trial jurisdiction, if the defendant is arrested without a warrant, a criminal complaint shall be prepared and given to the defendant prior to transferring the defendant to the custody of the detention facility. If the defendant is in custody, the complaint shall be filed with the magistrate court at the time it is given to the defendant. If the court is not open at the time the copy of the complaint is given to the defendant, and the defendant remains in custody, the complaint shall be filed the next business day of the court.

The Rules of Criminal Procedure for the magistrate courts do not specifically discuss DWI citations, nor do they exclude DWI citations from being included within the term "complaint." *See generally* Rules 6-101 to -812. Rule 6-201(A)(1) defines "complaint[,]" in pertinent part, as something that "consist[s] of a sworn statement containing the facts, common name of the offense charged, and where applicable, a specific section number of New Mexico Statutes Annotated, 1978 Compilation, which contains the offense." A reading of all three subsections of Rule 6-201(A) reveals that the only material difference between the "complaint" under Rule 6-201(A)(1) and the "citation[s]" under Rules 6-201(A)(2) and (A)(3), is that a "complaint" must include "a sworn statement containing the facts[.]" Rule 6-201(A)(1).

9

{10} We agree with Defendant that Section 66-8-131 (providing that a uniform traffic citation is a complaint) does not apply in this case because Defendant's DWI citation was not a uniform traffic citation under Section 66-8-128 due to its lack of a "penalty assessment notice[.]" *See* § 66-8-128 (providing that a uniform traffic citation must contain, among other things, a "penalty assessment notice"). For other reasons, we conclude that the DWI citation filed in the magistrate court in this case satisfied Rule 6-201(D)'s requirement that a "complaint" be prepared and filed with the magistrate court for warrantless arrests. *See State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

{11} First, the DWI citation in this case was a "complaint" under Rule 6-201(A)(1) because it "consist[s] of a sworn statement containing the facts, common name of the offense charged, and . . . a specific section number of New Mexico Statutes Annotated, 1978 Compilation, which contains the offense." Second, our conclusion is consistent with Rule 6-101(B)'s mandate that we construe the magistrate court rules "liberally" for the purpose of "secur[ing] the just, speedy and inexpensive

10

determination of every magistrate court action." Third, to conclude otherwise would "lead to an . . . absurdity" that we conclude was not intended by our Supreme Court when it issued the court rule. *See Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶ 6. Other than the word(s) "complaint" or "criminal complaint" missing from the top of the citation form issued by the officer, Defendant points us to no reason or authority for his assertion that a DWI citation should not be considered a complaint under Rule 6-201(A)(1) and (D) when it contains all of the necessary information required in a complaint under Rule 6-201(A)(1). Fourth, our conclusion is consistent with Rule 6-303 NMRA, which provides, in pertinent part:

> **A.** **Defects, errors and omissions.** A complaint or citation shall not be deemed invalid, nor shall the . . . judgment . . . thereon be . . . in any manner affected, because of any defect, error, omission, imperfection or repugnancy therein which does not prejudice the substantial rights of the defendant upon the merits.

> . . . .

> **D.** **Effect.** No appeal, or motion made after verdict, based on any such defect, error, omission, repugnancy, [or] imperfection, . . . shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in the defendant's defense on the merits.

Neither the magistrate court nor the State was made aware of any alleged defect in the pleadings or prosecution that occurred below. Even if commencing the prosecution

11

with the DWI citation alone was imperfect, Defendant has not claimed, much less affirmatively shown, that he suffered any prejudice upon the merits of the case. Fifth, we decline to extend the statements made by this Court in *Sandoval* to the facts of this case because that case involved the issue of whether a DWI citation triggered the defendant's Sixth Amendment right to counsel, and not whether the State could commence a DWI prosecution by filing only the DWI citation. 1984-NMCA-053, ¶ 13. Defendant's Sixth Amendment right to counsel was not at issue or otherwise raised in this case. *See State v. Erickson K.*, 2002-NMCA-058, ¶ 20, 132 N.M. 258, 46 P.3d 1258 ("It is well established that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

**CONCLUSION**

{12}    For the foregoing reasons, we affirm the district court's judgment convicting Defendant of DWI.

{13}    **IT IS SO ORDERED.**

_____
                                **TIMOTHY L. GARCIA, Judge**

12

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**


_____
**RODERICK T. KENNEDY, Judge**